The People of the State of New York, Respondent, *v.* Joseph
Gowasky and Another, Appellants.

First Department, December 31, 1926.

Crimes — sentence — constitutionality of Penal Law, §§ 1942 and 1943,
as amended by Laws of 1926, chap. 457 (Baumes Law) — defendants
pleaded guilty of attempted burglary in third degree — on sentence
day district attorney filed information charging each defendant with
three prior convictions of felony — defendants in open court admitted
prior convictions — said sections do not violate New York Constitution,
art. 1, § 6, which guarantees that no person shall be held to answer
for infamous crime unless upon presentment or indictment by grand
jury — said defendants were not, by information laid by district
attorney, charged with any infamous crime — said sections provide
for proper trial of question of prior convictions — defendants were
fully cautioned as to their rights — purpose, effect and benefit to be
derived from statute, as amended, discussed.

Sections 1942 and 1943 of the Penal Law, as amended by chapter 457 of the Laws
of 1926, known as the Baumes Law, which provide that where a defendant has
been three times previously convicted of the commission of felonies, the court
must impose a life sentence, are not unconstitutional on the ground that they
violate section 6 of article 1 of the New York Constitution, which guarantees
that no person shall be held to answer for infamous crimes unless upon pre-
sentment or indictment of the grand jury, for the information laid before the court
on sentence day in this case, to the effect that the defendants had been three times
previously convicted of the commission of felonies, did not charge the commis-
sion of any infamous crime but was merely for the purpose of enabling the court
to impose the sentence which the law, as amended, demanded should be imposed.

Furthermore, said sections provide for a proper trial of the question whether or
not the defendants were previously convicted three times for the commission
of felonies, in case the defendants do not admit such convictions in open
court. Since the defendants admitted that they had been three times previously
convicted of felonies, the trial of that question was unnecessary.

The contention by the defendants that they were not fully advised of their rights,
when they appeared before the court on sentence day, is not borne out by the
record.

The court discusses fully the purpose, effect and benefit to be derived from the
statutes as amended.

Appeal by the defendants, Joseph Gowasky and another, from a
judgment of the Court of General Sessions of the County of New York,
rendered on the 13th day of September, 1926, sentencing each of them
to imprisonment in a State prison for the term of his natural life.

*Samuel Backlar*, for the appellant Joseph Gowasky.

*James Marshall* of counsel [*Samuel Backlar*, attorney], for the
appellant Theodore Hemerlien.

*Robert C. Taylor, Assistant District Attorney*, of counsel [*Joab
H. Banton, District Attorney*], for the respondent.

First Department, December, 1926. [Vol. 219

MERRELL, J. The defendants were jointly indicted by the grand jury of the county of New York under three separate counts. By the first count the defendants are charged with the crime of burglary in the third degree. The second count in the indictment charged the defendants with the crime of grand larceny in the second degree. The third count charged the defendants with the crime of criminally receiving stolen property in the first degree. Upon arraignment on September 3, 1926, each of the defendants pleaded guilty of the felony of attempted burglary in the third degree, and upon recommendation of the district attorney, the Court of General Sessions accepted such plea. The date for the imposition of sentence upon such conviction was postponed to September 13, 1926. On the last mentioned date the district attorney of the county of New York, after investigating the careers of the two defendants, filed an information as to each, accusing each of the said defendants with three prior convictions of felony in the State of New York, viz., burglary in the third degree, specifically set forth in the information. Said informations having been filed by the district attorney, pursuant to the provisions of section 1943 of the Penal Law, the defendants were brought before the court. Thereupon the circumstances under which the defendants were apprehended for the commission of the crime of burglary in the third degree, of an attempt to commit which each had pleaded guilty, were related to the justice presiding at General Sessions. Thereupon each of the defendants was asked whether he was the man who had been thrice convicted of the commission of a felony prior to his last conviction for which he was to receive punishment. Each of the defendants acknowledged in open court that he was the person named in the information, and that he had prior thereto been three times convicted of the commission of a felony. Thereupon the court imposed the sentence that each of said defendants be committed to State prison at hard labor for the term of his natural life. The defendants have severally appealed from such judgment of conviction, and each asks reversal or modification of the judgment imposed against him. The statute, sections 1942 and 1943 of the Penal Law, as amended by chapter 457 of the Laws of 1926, and which became effective July 1, 1926, under which the defendants were sentenced, provides as follows:

" § 1942. Punishment for fourth conviction of felony. A person who, after having been three times convicted within this State, of felonies or attempts to commit felonies, or under the law of any other State, government or country, of crimes which if committed within this State would be felonious, commits a felony within this State, shall be sentenced upon conviction of such fourth,

or subsequent, offense to imprisonment in a State prison for the term of his natural life. A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section.

" § 1943. Procedure relating to resentencing. If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in section nineteen hundred and forty-one or nineteen hundred and forty-two, it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment prescribed in said sections nineteen hundred and forty-one and nineteen hundred and forty-two, as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated. Whenever it shall become known to any warden or prison, probation, parole, or police officer or other peace officer that any person charged with or convicted of a felony has been previously convicted within the meaning of said sections nineteen hundred and forty-one or nineteen hundred and forty-two, it shall become his duty forthwith to report the facts to the district attorney of the county."

It was in pursuance of such amended statute that the life sentence was imposed upon each of the defendants.

The judgment is attacked by the defendants upon several grounds. It is the contention of the defendants that the court was without power to hold the defendants to answer to the informations filed against them respectively as fourth offenders, without a presentment or indictment of a grand jury; and that the judgment imposed

upon the defendants invaded their constitutional rights and was void.    The defendants claim that sections 1942 and 1943 of the Penal Law, as amended, are in contravention of section 6 of article I of the New York Constitution, which guarantees that no person shall be held to answer for an infamous crime unless upon presentment or indictment of a grand jury.    The appellants contend that the effect of the proceeding taken subsequent to their pleas of guilty of the attempt to commit the crime of burglary in the third degree, in effect charged the defendants with the commission of an infamous crime, and that they were not subject to trial therefor, except under due presentment and indictment.    We regard such contention of the appellants as entirely without merit. (*Graham* v. *State of West Virginia*, 224 U. S. 616.)    The amendments to the sections of the Penal Law quoted above do not provide for any new or different crime.    The amendment merely provides for the punishment to be meted out to criminals convicted of a felony who have been already three times convicted within the State of felonies or attempts to commit felonies.    In the case of the conviction of a person for felony for the fourth time, by the provisions of section 1942 of the Penal Law, it became the duty of the court before whom the prisoner appeared for judgment to sentence him to imprisonment in a State prison for the term of his natural life.    By section 1943 of the Penal Law it is provided that *if at any time,* either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in either sections 1941 or 1942 of the Penal Law, it is made the duty of the district attorney of the county in which such conviction is had to file an information accusing the said person of such previous convictions.    Upon the filing of such information it is the duty of the court in which such conviction was had to cause the person to be brought before it and to inform him of the allegations contained in such information, and of his right to be tried as to the truth thereof according to law; and the court must require the offender to say whether he is the same person as charged in such information or not.    The statute provides that if he denies that he is the same person, or refuses to answer, or remains silent, his plea or the fact of his silence shall be entered in the record, a jury shall be impaneled to inquire whether the offender is the same person mentioned in the several records set forth in such information; and if the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court is required to sentence him to the punishment prescribed in said sections 1941 and 1942 of the Penal

Law, as the case may be. In the case at bar the defendants appeared in person and by counsel, and were fully informed as to their rights to contest the facts stated in the information filed as to each by the district attorney concerning their prior convictions of a felony. The record discloses that they fully understood the reason of such inquiry, and upon being interrogated by the court, each of said defendants admitted his conviction of three specific prior felonies, as charged in the information of the district attorney filed as to each defendant. There is no merit in the contention of counsel for the appellants that said defendants were not duly cautioned as to their rights, as required by section 1943 of the Penal Law. Several pages of colloquy in the record on appeal between court and counsel for the respective defendants immediately prior to the imposition of sentence clearly show that the defendants were fully informed as to their rights and well understood the same. It is very evident from the record on appeal that counsel for the defendants were seeking to make a record upon which to obtain a review of the trial court's action in appellate courts. The informations filed by the district attorney after each of the defendants had pleaded guilty to an attempt to commit the crime of burglary in the third degree were filed in strict pursuance of the provisions of the Penal Law, as amended. The informations were filed for the purpose of satisfying the court as to the previous criminal records of said defendants, and to the end that if the defendants did not admit the three prior convictions, as charged in the informations, they could test the same and submit to a jury the question of their identity. Each of the defendants finally confessed that he was the man mentioned in the information concerning him. This being so, it only remained for the court to impose the sentence prescribed by law. If either of the defendants had denied being the man charged by the information as to him with conviction of three previous felonies, such denial would have insured him a jury trial to pass upon the truth of the statements in the information. No denial was made by either of the defendants, and when each of them had admitted in open court the truth of the charges in the information signed by the district attorney as to him, nothing remained for the court to do but to impose the sentence prescribed by law.

The appellants urge that the amended sections of the Penal Law are unduly arbitrary and oppressive in that they leave no discretion on the part of the judge who is to impose sentence and are contrary to the spirit of American jurisprudence. We are unable to accept such view. In our opinion the amended statute contains none of the vices which counsel for the appellants charge.

We are convinced that by the enactment of the statute in question a long step has been taken to improve existing conditions. The statute was enacted by the Legislature with the manifest purpose of curing great evils and to strengthen the administration of our criminal law.

Our attention is directed to certain strictures of judges, of district attorneys, and of an editorial writer, upon the amended statute taking away from judges called upon to impose sentence upon criminals thrice previously convicted of felony, all discretion in meting out punishments to such offenders and making the imposition of life sentences mandatory. It is a matter of common knowledge that district attorneys frequently bargain with those charged with crime, and either under promise of immunity or acceptance of a plea of lesser degree than that for which the defendant was indicted, those deserving of extreme punishment are permitted to escape with a suspended sentence or with punishment all too inadequate for the crime committed. We deplore the tendency of some district attorneys, following the course of least resistance, thus to relax the rigid enforcement of our penal statutes. We think there has been altogether too much leniency shown in dealing with the criminal — particularly with confessed convicts. It is a matter of recent history that some of the most vicious and confirmed criminals, by reason of the leniency of the courts and district attorneys, and because of our existing parole system, have been turned loose to repeat their wrongdoing and to again prey upon their fellowmen, instead of receiving punishment commensurate with the seriousness of the crime of which they stood convicted. During recent years the tendency has been toward leniency to those convicted of crime. Statutes have been enacted tending more and more to lighten the severity of punishment. Judicial discretion has been exercised in favor of criminals to a degree before unheard of, and those charged with the commission of crime and awaiting trial, often hardened criminals, have been admitted to bail and turned loose to continue their careers of crime. The furnishing of bail bonds has become a business, and until brought to trial, the accused, through easy bail, is but momentarily halted in his professional pursuits. We have no doubt that such conditions as these were largely responsible for taking away from judges all discretion in cases of the confirmed criminal who has been four times convicted of a felony, and in the interest of public safety to prevent in such a case the exercise of a discretion all too often abused. Judicial discretion in imposing punishment for crime has long been a recognized principle of our criminal jurisprudence. In theory its exercise is quite unassailable. Such

discretion, however, is subject to abuse, and recent instances are not rare where it has been improperly exercised. There comes a time when discretion should end, and the Legislature by the statute here under consideration, placed a fourth conviction of a felony as beyond the pale of judicial discretion.

Under our organic law legislative bodies are alone endowed with authority to enact laws. Judges should obey and enforce all laws, and not, through some conception that a given statute invades their discretionary prerogatives, refuse to observe its provisions. The prevalence of crime at the present time and the notorious ease with which the wrongdoer is able to escape punishment or, if convicted, is soon able to obtain his release through the parole system now in force, impels a doubt in the thoughtful mind as to the wisdom of some of our modern laws. Undoubtedly in some cases of first offenders the suspension of judgment during good behavior works for the rescue and reformation of the individual who has been led to embark upon a criminal career, but the laws enacted for the reformation of the criminal should be administered with caution and circumspection to the end that the deterrent effect of the punishment meted out be not lost. Certain misguided individuals, embued with the notion that they have some mission to perform for the betterment of the unfortunate who has been apprehended and convicted perhaps for a most abhorrent crime, not infrequently shower the wrongdoer with attentions worthy of a hero. All this has led to a disregard for penal statutes, and in our opinion has done much to increase the commission of crime. The proper office of a penal statute is for the suppression of crime. Penalties are not provided as a punishment for the individual who has gone wrong. Their imposition is alone justified for the effect the punishment may have upon the convict in preventing him from a continuance in crime, and in teaching him that " the way of the transgressor is hard." But a still greater object to be attained is the deterrent effect the sentence may have upon those who may be inclined to follow the criminal course upon which the convict has embarked. Present-day laxity in the enforcement of our criminal and penal laws is, in our opinion, largely responsible for the wave of crime which seems to have engulfed the country. It was to check the increasing prevalence of crime that the so-called " Baumes Laws " were enacted by the Legislature in 1926. While these new statutes may not be in all respects perfect, we regard them as within the police power of the Legislature and deserving of a fair trial where their efficacy may be proved or disproved. Unquestionably defects may be discovered in the new statutes which must be remedied by legislative action. It is pointed out

that section 1944 of the Penal Law, added by chapter 705 of the Laws of 1926, is quite inconsistent with section 1942, in that said section 1944 provides that upon a fourth or subsequent conviction for a felony committed by a person armed with a pistol or any of the weapons or instruments specified in sections 1896, 1897 or 1897-a of the Penal Law, the person convicted shall be imprisoned for life *or for a term not less than twenty-five years,* in the discretion of the court. The anomalous situation would thus seem to be presented that upon a fourth conviction of a person for a felony who at the time of its commission was armed with a pistol or a dangerous weapon or instrument, the court sentencing him is, by section 1944, vested with the discretion to sentence the defendant for a term of not less than twenty-five years. We call attention to such apparent inconsistency in the provisions of the Penal Law, not that it has any bearing upon the questions presented upon this appeal, but that remedial action may be taken by the Legislature in reference thereto.

The appellants here have each of them forfeited all rights to mingle with their fellowmen. The record shows that each is a hardened criminal. Each of them has by his persistence in wrongdoing lost every rightful claim to associate with his fellowmen, and neither should be permitted longer to be at large or given an opportunity to again become a menace to society. For the crime of first degree murder the one who commits the crime pays the penalty therefor with his life. The law under consideration is no more arbitrary than is the statute which imposes the penalty of death for murder. We are of the opinion that the Legislature was acting well within the police power conferred upon it in the enactment of the laws in question. The police power of the Legislature is not limited to regulations concerning the public health, public morals or public safety, nor to the suppression of that which is offensive, disorderly or unsanitary. The Legislature by the police power is authorized to enact statutes to promote the general welfare of the people of the State, and to promote public convenience and property rights. (*Bacon* v. *Walker,* 204 U. S. 311, 317, 318; *Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288, 298.) It may be that in individual cases the imposition of a life sentence upon one who has been convicted four times of the commission of a felony may be an excessive punishment, but it is always within the power of the Executive to extend clemency in any given case to a criminal whose rights have been unduly prejudiced. It is not the province of this court to pass upon the wisdom of the laws under consideration. It is sufficient to say that these laws are upon the statute books. We find by their enactment that there

has been no invasion of the constitutional rights of the defendants, and we are not convinced that any good ground exists for a reversal of the judgments appealed from.

The judgment against both defendants should be affirmed.

CLARKE, P. J., DOWLING, MCAVOY and BURR, JJ., concur.

Judgment affirmed.