## STATE v. DAN ZYWICKI.[1]

November 16, 1928.

No. 27,014.

**Act constitutional.**

1. L. 1927, c. 236, is constitutional.

**Act does not place defendant twice in jeopardy.**

2. The procedure prescribed in that chapter does not place the defendant twice in jeopardy.

**Statute providing for preliminary examination of accused not repealed.**

3. G. S. 1923, § 10666, has no application to the procedure under L. 1927, c. 236, § 4, and is not repealed by that chapter.

**Statute not repealed by 1927 act.**

4. L. 1927, c. 236, and G. S. 1923, §§ 10664-10668, may consistently stand and operate without conflict. Prosecutions, after preliminary examination, may be by information in all cases where the punishment prescribed for the offense therein charged does not exceed ten years' imprisonment. If the crime so charged is a felony or an attempt to commit a felony, and after conviction therefor it is established under the provisions of the 1927 law that defendant has previously been convicted of one or more other felonies or attempts, then the increased sentence prescribed must be imposed and is valid. Sections 10664, 10667 are not repealed by the act of 1927.

Constitutional Law, 12 C. J. § 817 p. 1107 n. 24.
Criminal Law, 16 C. J. § 3151 p. 1339 n. 49; p. 1340 n. 53.

---

See note in 34 L. R. A. 398; 24 L.R.A.(N.S.) 431; 48 L.R.A.(N.S.) 204; 8 R. C. L. 272; 2 R. C. L. Supp. 588.

Defendant was convicted on September 8, 1927, in the district court for St. Louis county of the crime of grand larceny in the second degree. On May 14, 1928, the county attorney filed an information charging that prior to the conviction stated and on January 21, 1926, defendant had been convicted of a felony. Defendant demurred to the information and on the same day entered a plea of not guilty on the ground of former jeopardy. The court, Fesler, J. overruled the demurrer and struck out the plea of former

[1]Reported in 221 N. W. 900.

jeopardy, certifying the questions involved to this court as important and doubtful. Questions answered and case remanded.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Mason M. Forbes,* County Attorney, for the state.

*McCabe & Clure,* for defendant.

OLSEN, C.

On September 8, 1927, the defendant was convicted of the crime of grand larceny in the second degree in the district court of St. Louis county in this state, and was sentenced to the state reformatory. On May 14, 1928, the county attorney of said county presented to that court an information, under and pursuant to L. 1927, p. 337, c. 236, charging that prior to the conviction stated and on January 21, 1926, the defendant had been convicted of a felony, grand larceny in the second degree, in St. Louis county, Minnesota. Upon the filing of such information, the court ordered that the superintendent of the state reformatory deliver the defendant to the sheriff of St. Louis county and that defendant be brought before the court to answer to such information. Defendant was brought before the court and counsel appointed to represent him. Defendant first demurred to the information. On the same day he entered a plea of not guilty on the ground of former jeopardy, wherein he admitted the former conviction on January 21, 1926, and that he had served the sentence imposed therefor, and stated that he was then serving sentence under the conviction had on September 8, 1927. The state moved to strike out the plea of former jeopardy. The court then overruled the demurrer and struck out the plea of former jeopardy. Thereupon the court, on defendant's request, certified to this court as doubtful and important the following four questions:

1. Is L. 1927, c. 236 constitutional?

2. If the defendant should be convicted of the offense charged in the information, would he be put twice in jeopardy of punishment for the same offense in violation of art. 1, § 7, of the constitution of Minnesota?

3. Is G. S. 1923, § 10666, repealed by implication as to offenses created by L. 1927, c. 236?

4. Is G. S. 1923, §§ 10664 and 10667, repealed by implication, as to the ten-year limitation therein imposed, by L. 1927, c. 236?

1. Is L. 1927, p. 337, c. 236, constitutional? That laws which impose a greater punishment for a second or subsequent offense and conviction than for a first offense violate neither the federal constitution nor a state constitution such as ours has been so often decided that citation of the numerous authorities is not necessary. Reference may be made to State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L.R.A.(N.S.) 449; 16 C. J. § 3151; 8 R. C. L. pp. 271-273, for such authorities.

The only arguable question would seem to be whether the procedure prescribed by the act is such as to deprive the defendant of any of his constitutional rights. The information presented to the court for the purpose of showing prior convictions is not an indictment or information charging the defendant with having committed a crime. It merely charges a prior conviction or convictions, which if proved will increase the sentence to be imposed, or already imposed, for the later crime of which defendant then stands convicted. When the information is filed defendant is brought before the court and the information read to him, and he is required to say whether or not he has been convicted as charged in the information; in other words, to plead thereto. He must be informed of his right to a trial as to the truth of the charge. He is required to be cautioned as to his rights. If he denies the charge or remains silent, a jury trial must be had. The law has become a part of the laws of the state governing criminal trials and procedure. We have no difficulty in holding that the trial procedure here is the same as in trials for criminal offenses; that the defendant has the same right to a speedy trial, to time for preparation, assistance of counsel, compulsory process for witnesses, to be confronted with the witnesses against him, to require proof beyond a reasonable doubt, and to all other rights enjoyed by a defendant on trial for a criminal offense. So viewed, the procedure prescribed seems not to deprive the defendant of any constitutional rights.

The act provides that the information may be filed before sentence, or at any time after sentence and before such sentence is fully executed. If he admits the charge of prior offenses or the charge is found true by the jury, the increased punishment is imposed. If he has already been sentenced, the prior sentence is vacated and a new sentence passed. If he has served any part of the prior sentence, the time served is credited on the new sentence. We find nothing unconstitutional in these provisions.

The act is modeled on the Baumes law of the state of New York. Penal Law, § 1943, as amended by L. 1926, p. 805, c. 457. The Minnesota law appears to have been drawn with much care and is in some respects an improvement over the Baumes law. The New York act appears to provide for such procedure to increase the punishment at any time after sentence without regard to whether or not that sentence has been fully executed. By construction no doubt it may be held to apply only in cases where sentence has not been fully executed. That law appears to limit the questions which defendant is entitled to have tried to the sole question whether he is the same person mentioned in the records of prior convictions. It does not appear to provide for any credit for time served under a sentence already imposed.

The West Virginia Code of 1906, c. 165, contains provisions for imposing increased sentence upon a defendant after he has been sentenced to confinement in the penitentiary by filing information against him charging prior convictions. The procedure there is in all material respects the same as under the New York law and under our law. Both the New York and the West Virginia laws have been held constitutional. People v. Gowasky, 219 App. Div. 19, 219 N. Y. S. 373; Id. 244 N. Y. 451, 155 N. E. 737; State v. Graham, 68 W. Va. 248, 69 S. E. 1010, 40 L.R.A. (N.S.) 924, affirmed in 224 U. S. 616, 32 S. Ct. 583, 56 L. ed. 917.

In the opinion of the Supreme Court of the United States, written by Justice Hughes, in the case last above cited, the court held that the law there in question was due process of law; that it did not deny to defendant the equal protection of the laws; that it did not

place defendant twice in jeopardy; that it did not inflict cruel or unusual punishment; and that it did not impose additional punishment for the prior offenses charged. The fact that these questions were decided under the federal constitution and not under a state constitution can make no difference. It may be noted that the case was a prosecution for grand larceny and that the punishment to be imposed, in view of prior convictions, was life imprisonment.

That case appears to dispose of all constitutional questions raised here. Defendant's counsel urge that the act is an ex post facto law, in violation of art. 1, § 11, of the state constitution. When it is borne in mind that the act imposes no new or additional penalty for the prior offense charged, and that the information alleging prior offense does not charge defendant with any crime but only discloses facts affecting the punishment to be imposed upon the then pending conviction, and that such later conviction was for a crime committed after the law was enacted, the claim that the law operates ex post facto would seem to fall. The decisions are practically unanimous that such a law imposes no new or added punishment for the prior offenses, and that it is not an ex post facto law. The case of State v. Sanford, 67 Conn. 286, 34 A. 1045, if applicable to the facts, is conceded by appellant to be contrary to the holding in the majority of the state and federal cases passing upon the question.

We hold that the act is constitutional.

2. The second question, whether defendant if found to have been convicted of a prior offense would be put twice in jeopardy, in violation of art. 1, § 7, of the state constitution, has been sufficiently considered and decided by what has been heretofore said. The charge of having been once before convicted is not a charge of any crime; and, as before stated, the increased punishment imposed for a second offense is not any added punishment for, and has no effect on the punishment imposed for, the prior offense; hence there is no second jeopardy.

3. Questions 3 and 4 are as to the repeal by implication of G. S. 1923, §§ 10664, 10666, and 10667. These sections, together with

§§ 10665 and 10668, provide for the prosecution of criminal cases on informations, as distinguished from indictments, and regulate the procedure thereon. The only objection urged, and that probably could be urged in this case, is that § 10666 provides that no information shall be filed against any person for any offense until such person shall have had a preliminary examination as provided by law. The preliminary examination referred to in this section is that provided for by G. S. 1923, §§ 10577-10587. It is only in cases where complaint is made before a magistrate charging a person with a criminal offense and a warrant is issued thereon that such an examination is required. As the information presented to the court under L. 1927, p. 337, c. 236, does not charge any offense or crime, it is clear that § 10666 does not apply.

4. Question 4, certified by the trial court, covers a wider field. The facts shown by the record do not raise the question asked to be reviewed. Here only one prior conviction is sufficiently alleged in the information, and the punishment to be imposed cannot exceed ten years. But the same question is raised in the West case, 175 Minn. 516, 221 N. W. 903, argued at the same time, and is one likely to arise in other prosecutions. It may conveniently be here determined.

Before the act of 1927, prior convictions, in order to be taken into consideration in imposing punishment, had to be alleged in the indictment or information charging the subsequent offense. State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L.R.A.(N.S.) 449.

Under G. S. 1923, §§ 10664, 10667, prosecutions by information are limited to cases where the punishment may not exceed ten years' imprisonment. State v. Keeney, 153 Minn. 153, 189 N. W. 1023; State v. McGraw, 163 Minn. 154, 203 N. W. 771.

By § 3 of the 1927 act it is provided that the person to be punished need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in that act. This does away with the necessity of charging prior convictions in the information or indictment for the later crime. This follows the suggestion made

in State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L.R.A.(N.S.) 449:

"That entire fairness in prosecutions of this character would suggest some statutory change in the law, dispensing with the necessity of pleading the fact of prior conviction, and providing for the determination thereof by the court after conviction of the charge on trial. This would avoid any possible prejudice to defendant."

The question then arises whether the act of 1927 permits a prosecution by information for a crime which is punishable by imprisonment for less than ten years, but which, under the provisions of that act, in case the defendant is found guilty of prior offenses, may result in imprisonment for more than ten years. In other words, must the prosecution be initiated by indictment in all cases where it is sought, under the 1927 law, to so increase the punishment as to exceed ten years' imprisonment. If it be held that prosecutions may be initiated by information in such cases, then the prosecution upon such an information may result in a sentence of imprisonment for more than ten years. That such was the intention and must be the result seems clear and reasonable. There is in this state no constitutional provision requiring an indictment in any case. Prosecutions by way of information are held due process and not violative of any constitutional provision. The legislature has the power to provide for prosecution by way of information for any or all criminal offenses.

The 1927 act is the later law. It appears to be complete and workable. It contains nothing to indicate that its operation is made dependent upon there being an indictment. It contains mandatory provisions requiring the county attorney to proceed thereunder when it shall appear that the defendant has been previously convicted. The matter of the increased punishment is to be determined after defendant has been convicted of the crime with which he is then charged. The essential requirements to bring about the increased sentence are, first, that defendant then stands convicted of a felony or an attempt to commit a felony, sentence for which has either not been imposed or, if imposed, has not been fully

executed; second, that after such conviction the defendant has been found guilty of a prior conviction or convictions for felony, or attempt to commit felony. It is then mandatory upon the court to impose the increased penalty provided.

The defendant is in no respect prejudiced by the fact that the prosecution for the felony of which he stands convicted was initiated by information instead of indictment. In some respects a prosecution on an information is more favorable to him than one under indictment. In a prosecution upon an information he is entitled to a preliminary hearing, but not on a prosecution under indictment.

If it were held that in order to inquire into the matter of prior convictions and impose the increased penalty provided by the 1927 act, whenever the increased penalty might exceed imprisonment for more than ten years, it must appear that the prosecution was initiated by indictment instead of information, the result would be practically to nullify or repeal G. S. 1923, §§ 10664-10668. The prosecuting officer generally does not know when he initiates a prosecution for crime whether or not it may develop that the defendant is a previous offender; hence in all prosecutions for felony or attempted felony he could safely proceed by indictment only. There is nothing in the 1927 act indicating any intention so to limit or repeal the law providing for prosecution of criminal charges on information filed. The 1927 act and G. S. 1923, §§ 10664-10668, may consistently stand and operate without conflict. Prosecutions, after preliminary hearing, may be by information in all cases where the punishment prescribed for the offense therein charged does not exceed ten years' imprisonment. If the crime so charged is a felony or an attempt to commit a felony, and after conviction therefor it is established under the provisions of the 1927 law that defendant has previously been convicted of one or more other felonies or attempts, then the increased sentence prescribed must be imposed, and such sentence is valid. It follows that §§ 10664 and 10667 are not repealed by the 1927 act.

The answer to question 1 is yes; the answer to each of the questions 2, 3 and 4 is no.

The case is remanded to the trial court for further proceedings.