STATE v. ALVIN H. WEST, ALIAS JOE PLUMMER, ALIAS HARRY WELDON.[1]

November 16, 1928.

No. 27,056.

**Evidence sustained jury's verdict of guilty.**
> Identity of defendant's name and that in certified copies of judgments of conviction of felonies from other courts in Minnesota was sufficient to sustain jury's finding that defendant was the person named in the records. [Reporter]

Criminal Law, 16 C. J. § 3165 p. 1345 n. 46; 17 C. J. § 3688 p. 339 n. 64.

See note in 4 L.R.A.(N.S.) 539; 19 R. C. L. 1332; 4 R. C. L. Supp. 1323; 6 R. C. L. Supp. 1169.

Defendant appealed from a judgment of the district court for Otter Tail county, Gunderson, J. convicting him of the crime of burglary in the third degree and from an order denying his motion for a new trial. Affirmed.

*Peter F. Schroeder,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *John L. Townley, Jr.* County Attorney, for the state.

PER CURIAM.

Appeal by defendant from a judgment of conviction and from an order denying his motion for a new trial.

All questions presented for review in this case have been decided adversely to defendant in the decision in State v. Zywicki, 175 Minn. 508, 221 N. W. 900, except as hereinafter stated.

Defendant here contends that the evidence of identity was insufficient; that the evidence was insufficient to justify the jury in finding beyond a reasonable doubt that he was the same person named in the records of the prior convictions shown. The proof of

[1] Reported in 221 N. W. 903.

prior convictions and identity consisted of certified copies of judgments of conviction from four courts of record in this state, showing convictions for felony in each case against one Harry Weldon, which is the defendant's true name. There was no other evidence on the matter. The identity of names is sufficient prima facie evidence of identity and is sufficient evidence to justify the jury in finding beyond a reasonable doubt that defendant is the same person as so named in the records of the prior convictions. State ex rel. Grande v. Bates, 101 Minn. 303, 112 N. W. 260; State v. Aime, 62 Utah, 476, 220 P. 704, 32 A. L. R. 375; 19 R. C. L. p. 1332; note to Rupert v. Penner (Neb.) 17 L. R. A. 824. There are cases in Iowa and some other states holding to the contrary.

It is alleged as error that the court in its charge to the jury stated: "As you all know the defendant at this term of court was convicted of burglary in the third degree." The information for prior convictions contained the allegation that defendant had been so convicted. It would be rather difficult for a court to frame a charge in such a case without conveying to the jury the information stated. If defendant had not been convicted in that court, he could not be tried on the charge of prior convictions. In any event, we fail to see any prejudice.

There were objections at the trial to the introduction of records of two prior convictions on the ground that one was not a proper certified copy, and the other, on the further ground that it did not sufficiently show that the conviction was for a felony. The certified copies of these records have been examined and the objections found not well taken.

Order and judgment affirmed.