## STATE EX REL. E. F. (ALSO KNOWN AS ELTON F.) MacMILLEN v. L. F. UTECHT.[1]

December 28, 1945.

No. 34,176.

[1]Reported in 21 N. W. (2d) 239.

E. F. *MacMillen*, pro se.

J. A. A. *Burnquist*, Attorney General, and *Ralph A. Stone*, Assistant Attorney General, for respondent.

THOMAS GALLAGHER, JUSTICE.

Petitioner applied to the district court of Washington county for a writ of *habeas corpus*, alleging in his application therefor that he was unlawfully restrained in the state prison at Stillwater. On August 18, 1945, the district court issued its writ of *habeas corpus* directed to respondent, L. F. Utecht, warden of said prison, as agent for the state of Minnesota, commanding him to produce petitioner before said court on September 10, 1945, at 10 o'clock a. m., and then and there disclose the time and cause of his detention and imprisonment. Prior to the return date, respondent filed his return to the writ, setting forth therein that petitioner was in custody at the state prison under the following circumstances:

That on May 1, 1944, an information charging petitioner with the crime of burglary in the third degree committed in Rice county, Minnesota, on or about January 5, 1944, was filed in the office of the clerk of the district court of Rice county; that thereafter petitioner, on May 16, 1944, in said court entered his plea of guilty thereto, was thereupon convicted thereof, and sentenced to be confined to hard labor in the prison at Stillwater for a term of not to exceed three years; that pursuant to the commitment therein issued by said court petitioner was delivered to and detained by respondent as warden of the aforesaid prison.

That on May 1, 1944, a further information charging petitioner with three previous convictions of felonies was filed in the office of the clerk of the district court of Rice county, and that after a plea of not guilty thereto petitioner was tried in said court on May 23,

1945, and on that date found guilty by a jury of said court of twice previously having been convicted of felonies.

That thereupon said court, pursuant to Minn. St. 1941, § 610.31 (Mason St. 1927, § 9931-3), set aside the prior sentence imposed and thereafter sentenced petitioner to serve time at hard labor in the state prison at Stillwater for a term of not less than two or more than eight years; that respondent now holds petitioner as a prisoner pursuant to the commitments issued therein, and that petitioner has not served the time required by said sentence.

Respondent's return was not traversed. The matter was submitted to the district court of Washington county upon the original petition and return on September 10, 1945. On September 20, 1945, said court made findings and conclusions of law ordering that the writ be discharged and petitioner remanded to the custody of the warden. From said order this appeal is taken.

The principal contention of petitioner is that he is illegally sentenced under said § 610.31 (§ 9931-3), and that, by virtue of proceedings taken thereunder, when the district court vacated the first sentence imposed upon him, he was discharged thereby and could not thereafter again be sentenced or placed in jeopardy for the commission of the same crime; that the second sentence imposed upon him was in violation of U. S. Const. Amend. V, and Minn. Const. art. 1, § 7, which in substance provide that no person, for the same offense, shall twice be put in jeopardy of life or punishment.

Petitioner further asserts that his second sentence violated § 610.21 (§ 9924), which provides:

"Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished under only one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

At the time the second sentence was imposed, the court used the following language:

"On the verdict of the jury, judgment having been heretofore entered adjudging that you have been guilty of two previous convictions specifically outlined herein, it is now ordered that the sentence of this court on May 15, 1944, wherein you were by this court sentenced to the State Penitentiary at Stillwater, Minnesota, for a period of time not to exceed three years, in connection with the charge of the commission of the crime of burglary, that that sentence may be, and the same hereby is vacated and set aside pursuant to law.

"It is now further ordered pursuant to law, that for the commission of the crime of burglary for which you were heretofore sentenced on May 15, 1944, in this court, which former sentence has now been set aside, that you be by the sheriff of Rice County taken hence to the State Prison at Stillwater, Minnesota, and that you be there confined at hard labor for a period of time not less than two years nor more than eight years.

"It is ordered that the execution of the sentence be issued and that the sheriff carry the sentence into effect.

\* \* \* \* \*

"The law provides that the portion of the original sentence which you have heretofore served shall be credited upon the sentence which has now been imposed; and lest there is any doubt about it, it is the order of this court, as a part of the sentence now imposed, that the time you have served under the sentence originally imposed on May 15, 1944, shall be a part of the sentence now imposed, and you shall as a part of this order be given credit for the time so served."

Thereafter petitioner was delivered to the representative of the state prison at the Rice county jail at Faribault and returned to Stillwater to serve his new sentence. Separate commitment papers were issued under the new sentence, and a new registry number was given him at the state prison.

■ Section 610.31 (§ 9931-3) provides:

"If at any time before sentence, or at any time after sentence but before such sentence is fully executed, it shall appear that a

person convicted of a felony, or an attempt to commit a felony, has been previously convicted of any crime so as to render him liable to increased punishment by reason thereof under any law of this state, it shall be the duty of the county attorney of the county in which such conviction was had to file an information with the court wherein the conviction was had accusing such person of such previous convictions, whereupon the court shall cause such person, whether confined in prison or otherwise, to be brought before it, either in term or in vacation, and shall inform him of the accusations contained in the information, by reading the same to him, and of his right to be tried as to the truth thereof according to law, and shall require such person to say whether he has been convicted as charged in the information or not. If he shall say that he has not been convicted as therein charged or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record, and the court shall make an order directing that the truth of the accusations made in the information be submitted to a jury at the then present term of court, if in term time and a jury be in attendance, or at the next ensuing term of court when a jury shall be in attendance. If the jury shall find and determine that the accused is guilty of previous convictions as charged in the information, or if the accused acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the increased punishment or penalty of imprisonment to which he is liable, as provided by law, and shall vacate any previous sentence if one has theretofore been imposed; provided, that any time served under the previous sentence shall be deemed to have been served under the new sentence and shall be credited thereon."

It is not disputed that the second sentence imposed did not exceed the increased punishment or penalty of imprisonment to which petitioner was liable under the law upon the basis of his present conviction for burglary and the two prior felony convictions. See, §§ 610.16, 610.17, 610.28 (§§ 9921, 9921-1, 9931). We have previously upheld the constitutionality of § 610.31 (§ 9931-3). See,

State v. Zywicki, 175 Minn. 508, 221 N. W. 900, wherein are cited State v. Findling, 123 Minn. 413, 144 N. W. 142, 49 L.R.A.(N.S.) 449; People v. Gowasky, 219 App. Div. 19, 219 N. Y. S. 373; *Id.* 244 N. Y. 451, 155 N. E. 737, 58 A. L. R. 9; State v. Graham, 68 W. Va. 248, 69 S. E. 1010, 40 L.R.A.(N.S.) 924, affirmed, 224 U. S. 616, 32 S. Ct. 583, 56 L. ed. 917.

We do not feel that petitioner's constitutional or statutory rights were violated by the method in which the court vacated the prior sentence and imposed the additional penalty required. It cannot be said that petitioner was twice punished or placed in jeopardy for the same offense. The new sentence covered the original offense, aggravated by the two prior convictions; in other words, burglary after two prior felonies constitutes a graver crime against society than burglary as a first offense. The second sentence was imposed for the more grievous offense, and it follows that it was not the same sentence nor imposed for the same crime as was the original.

■ The vacation of the prior sentence and the imposition of the new one for the graver offense was done in one proceeding. The two acts of the court were performed almost simultaneously. As stated in State v. Zywicki, 175 Minn. 508, 511, 221 N. W. 900, 901, *supra:*

"The act provides that the information may be filed before sentence, or at any time after sentence and before such sentence is fully executed. If he admits the charge of prior offenses or the charge is found true by the jury, the increased punishment is imposed. *If he has already been sentenced, the prior sentence is vacated and a new sentence passed.* If he has served any part of the prior sentence, the time served is credited on the new sentence. We find nothing unconstitutional in these provisions." (Italics supplied.)

Under the authority cited, which we feel fairly construes § 610.31 (§ 9931-3), we are of the opinion that the procedure hereinbefore outlined did not constitute a violation of petitioner's rights, con-

stitutional or otherwise, and therefore that his confinement in the state prison is legal. It may be further suggested that the only jurisdiction extended to the court at the time of the second hearing was that granted by said § 610.31 (§ 9931-3) to hear petitioner's plea to the information charging him with prior convictions, and upon his conviction thereof, to increase the previous sentence. It had no jurisdiction to bring petitioner before it merely to vacate the previous sentence. Had it done so and stopped there, its action would have been wholly unauthorized and void. It was only in connection with the imposition of the increased sentence that the court had jurisdiction to vacate the prior one.

■ We do not find any merit in petitioner's further contention that the court's sentence was violated and that he is illegally confined because the sheriff did not take him to the state prison, but turned him over at the county jail to a representative thereof, who in turn took him to the state prison. Petitioner had been returned to Rice county for trial on the information charging him with the prior convictions. The prison representative remained there until termination of the proceedings, at which time the sheriff delivered petitioner to him. Thereafter, petitioner was again taken to Stillwater. It would seem that delivery of petitioner to the representative of the state prison and the latter's delivery of him to the prison constituted complete compliance with the court's order directing the sheriff to take petitioner to the state prison and there turn him over to the officials of that institution. We fail to see where such procedure in any way violated the constitutional rights of petitioner or the laws of this state.

Order discharging writ affirmed and petitioner remanded to custody of respondent to serve sentence imposed May 23, 1945.