STATE EX REL. HOWARD L. HINES v. RALPH H. TAHASH.

116 N. W. (2d) 399.

July 13, 1962—No. 38,321.

*Howard L. Hines,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

ROGOSHESKE, JUSTICE.

Howard Lansing Hines appealed from an order of the district court discharging a writ of habeas corpus.

On June 27, 1957, he was sentenced by the District Court of Crow Wing County to an indeterminate term of not exceeding 10 years under our habitual criminal statutes.[1] He was committed and is now serving that sentence in the State Prison.

The conviction which provided the basis for applying the recidivist statute occurred when petitioner entered a plea of guilty to a charge of grand larceny in the second degree. The material details follow:

---

[1]Minn. St. 610.28 provides for increased punishment upon one or two previous convictions and § 610.29 provides for such increased punishment upon three or more such convictions. State v. McKenzie, 182 Minn. 513, 235 N. W. 274.

On January 28, 1957, separate informations were filed charging petitioner with grand larceny in the second degree and with assault in the second degree. These charges grew out of the state's claim that, a few days before, he had entered a business establishment in the daytime and had stolen $3.96, assaulting the proprietress by striking her, knocking her down, and kicking her. Upon his first appearance before the court on January 28, he disclosed he was without funds to employ counsel and an attorney, whom he requested, was appointed to represent him. The arraignment was continued until March 13, when he entered a plea of guilty to the larceny charge. A presentence investigation was ordered, and thereupon the assault charge was dismissed on motion of the county attorney on the grounds "that the punishment of this man will be adequately taken care of by the disposition of the larceny case * * * and that it would be added expense and would not be in the interest of justice to proceed further with the charge of second degree assault."

On April 18, after receiving the presentence report, the court sentenced the petitioner to an indeterminate term of not more than 5 years and placed petitioner on probation. Immediately before sentence was imposed and its execution stayed, petitioner while under oath admitted the facts giving rise to the larceny charge and also admitted striking the proprietress, although he denied kicking her. He requested probation and claimed that excessive drinking was the major cause of his difficulties with the law.

The sentencing judge thereupon carefully and painstakingly reviewed what appeared to be the underlying causes for petitioner's misconduct and, while expressing his reluctance to grant probation, stated:

" * * * I want to say to you, the number of convictions you already have, felonies, is such that on this charge, if the County Attorney filed an information on prior convictions you could be sent to prison for life, and I am now instructing the County Attorney that if you fail in this probation, and violate any of the conditions, that he must file an information with prior convictions, and you be brought into court and a life sentence will be imposed."

A little more than a month later, petitioner violated his probation

and, on recommendation of the supervising authorities, the court revoked probation and ordered commitment to prison. Before he was taken to prison, on June 27, 1957, he was brought before the court and an information charging two prior felony convictions, one in 1949 and one in 1952, was filed. The same counsel, with his approval, was again appointed to represent him. After conferring with his counsel and declining an offer by the court to give him additional time for consultation, he freely and voluntarily entered a plea of guilty to this information. Pursuant to provisions of Minn. St. 610.31, the prior sentence imposed on March 13 was vacated and his sentence increased, and he was ordered committed under the new sentence.

As has become customary in these petitions filed pro se, petitioner asserted below and reasserts here every conceivable challenge to the legality of his sentence. The district court found none to be valid, and we agree. We have considered all of them but decline to discuss those obviously without merit and limit this opinion to those which might contribute to an understanding of the most important issues raised by petitioner's claims and the record before us. Included in his claims, and summarized, they are: (1) That the court had lost jurisdiction to apply the recidivist statute to increase the punishment because, the county attorney and the court both being aware of his prior convictions before his plea and sentence on the larceny charge, the information charging prior convictions, under the mandatory language of the statute, had to be filed before sentence on the larceny charge and could not be filed at any later time; (2) that he had "inadequate, ineffective and incompetent counsel and was not informed of his legal rights and the applicable law"; and (3) that he was twice placed in jeopardy for the same offense.

■■■ The procedural provisions of our recidivist statutes, like the entire subject matter, are similar to such statutes in other states. Most were modeled after the Baumes Law of New York.[2] We, and others, have had occasion to consider questions involving these statutes frequently. Until now, however, we have not had occasion to consider

---

[2] State v. Zywicki, 175 Minn. 508, 221 N. W. 900.

the effect of a conscious delay by the county attorney in initiating the proceeding under the statutes.

Petitioner does not directly claim that the county attorney had full knowledge of his prior record before sentence was imposed on the larceny charge. It does appear by compelling inference, and we regard it as established for our discussion, that prior to sentence the county attorney knew of the existence of petitioner's prior convictions but was not, at that time, prepared to prove the charges on a jury trial. The record makes no showing whatever that the county attorney withheld filing the charge to foster some policy or design of selective enforcement of the statute which would support petitioner's suggestion that he was denied equal protection of the law due him under constitutional provisions.

The language of Minn. St. 610.31[3] is so definite and positive there

---

[3]Section 610.31 provides: "If at any time before sentence, or at any time after sentence but before such sentence is fully executed, it shall appear that a person convicted of a felony, or an attempt to commit a felony, has been previously convicted of any crime so as to render him liable to increased punishment by reason thereof under any law of this state, it shall be the duty of the county attorney of the county in which such conviction was had to file an information with the court wherein the conviction was had accusing such person of such previous convictions, whereupon the court shall cause such person, whether confined in prison or otherwise, to be brought before it, either in term or in vacation, and shall inform him of the accusations contained in the information, by reading the same to him, and of his right to be tried as to the truth thereof according to law, and shall require such person to say whether he has been convicted as charged in the information or not. If he shall say that he has not been convicted as therein charged or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record, and the court shall make an order directing that the truth of the accusations made in the information be submitted to a jury at the then present term of court, if in term time and a jury be in attendance, or at the next ensuing term of court when a jury shall be in attendance. If the jury shall find and determine that the accused is guilty of previous convictions as charged in the information, or if the accused acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the increased punishment or penalty of

can be no doubt that, when the county attorney possesses sufficient knowledge and proof of the prior record, a duty is imposed upon him to file a recidivist charge. If such knowledge comes to him before sentence on the underlying substantive charge, he must file the information at that time, whether the court is in term or in vacation, and he has no discretion to delay such filing. If such knowledge is acquired subsequent to such sentence, whether through a report from the warden of the prison or other authorities mentioned in § 610.32 or otherwise, it is compulsory that the county attorney forthwith file the information. This mandatory duty must be performed whether defendant is confined or at liberty on probation or parole and terminates only after the sentence is fully executed. The language of the statute is susceptible of no other construction. Moreover, there is no provision of the statute which grants authority to the sentencing judge to order a delay in filing such a charge or, as here, to make filing conditional on noncompliance with the terms of probation granted by staying execution of the sentence imposed on the substantive charge.

■ The question then arises whether the delay under the circumstances disclosed by the record deprived the court of jurisdiction to impose the increased punishment authorized by § 610.28. We do not believe such could be, or should be, the result.

It must be regarded as elementary, especially to prosecuting authorities, that before an information charging prior convictions could be filed the county attorney must not only know that the defendant had a prior record but he must secure copies of the prior convictions and satisfy himself that defendant is the identical person described in such records and that the prior convictions are of the character required to support increased punishment.[4] The latter question, especially if involving a conviction in another state, can be quite troublesome to

---

imprisonment to which he is liable as provided by law, and shall vacate any previous sentence if one has theretofore been imposed; provided, that any time served under the previous sentence shall be deemed to have been served under the new sentence and shall be credited thereon."

[4] Ryan v. Nygaard, 70 N. D. 687, 698, 297 N. W. 694, 702; Macomber v. State, 181 Ore. 208, 180 P. (2d) 793; Commonwealth ex rel. Foster v. Ashe, 146 Pa. Super. 482, 487, 23 A. (2d) 245, 248.

resolve.[5] It cannot be overlooked that the duty to secure this type of information, and to determine whether to file such an information, is one of the heavy burdens delegated to the prosecutor. Practical considerations make it apparent that mere hearsay information of a prior record would not support filing the charge. More knowledge of the facts is needed. While the statute uses the phrase, "If at any time * * * it shall appear * * *," the word "appear" therein should not be construed as meaning simply "to come into view";[6] it must be construed to mean "obvious" or "evident"; in short, there must be knowledge sufficiently adequate to warrant initiating the multiple-offender proceeding.

The showing made upon the record before us is insufficient to establish that the county attorney, prior to the sentence on the larceny charge, possessed sufficient knowledge of the fact of identity and the character of the prior convictions to warrant filing the charge at that time. The presentence investigation report made to the sentencing judge presumably contained a statement concerning prior convictions. However, we take judicial notice that such reports are confidential to the judge. Mere information from such report disclosed to the county attorney would not be enough to charge him with the detailed knowledge he must possess to institute the proceeding. Manifestly, he could ask for a delay, but the statute does not so require since it clearly contemplates filing of an information after, as well as before, imposition of sentence. Under the circumstances disclosed, the delay cannot be regarded as more than a failure on the part of the county attorney to go forward in securing the necessary information to warrant filing the charge. As such, it is an irregularity and cannot be held a jurisdictional deficiency. Moreover, there is no basis upon which to find that such irregularity prejudiced any rights of petitioner. He well knew the consequences of a violation of the terms of probation. His status as a habitual offender, and quite likely his sentence, is no different now than it would have been had the recidivist charge been

---

[5]Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535.

[6]Webster's Third New International Dictionary (1961) p. 103.

filed before his sentencing on the larceny charge, as he now insists it should have been.

We therefore hold that a conscious delay of the prosecutor in filing a recidivist charge before sentence is imposed on the substantive charge, under the circumstances here disclosed, does not terminate the court's jurisdiction thereafter, upon filing of an information charging prior felony convictions subsequent to such sentence, to vacate the previous sentence and augment the penalty upon proof or admission of the prior convictions.

We do not decide the problems which might arise where the prosecutor possesses adequate knowledge to proceed and deliberately withholds filing such a charge; nor do we decide under what circumstances a prosecutor should be chargeable with such knowledge. Suffice it to observe that those problems bespeak the necessity for strict compliance with the mandatory duty imposed upon the prosecutor. Decisions of other courts indicate the difficulties encountered in deciding such issues.

The effect of a deliberate delay where the prosecution was chargeable with adequate knowledge to proceed was exhaustively considered in Macomber v. State, 181 Ore. 208, 180 P. (2d) 793. It was there held upon principles of statutory construction that the court did not lose jurisdiction. Arguments that such deliberate delay usurps the sole power of the court to determine punishment were reviewed.[7]

The effect of a claim of discrimination in filing such charges only in certain classes of cases and the dangers of pursuing a policy of selective enforcement was recently discussed in Oyler v. Boles, 368 U. S. 448, 82 S. Ct. 501, 7 L. ed. (2d) 446.

■ Petitioner's claim of inadequate counsel amounts to no more than a subjective conclusion. As Mr. Justice Matson succinctly stated in State ex rel. Adams v. Rigg, 252 Minn. 283, 288, 89 N. W. (2d) 898, 903, "The bare assertion that an attorney of an accused is in-

---

[7]Smalley v. People, 96 Colo. 361, 43 P. (2d) 385; People v. Gowaski, 244 N. Y. 451, 155 N. E. 737, 58 A. L. R. 9; Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. ed. 917; State v. DeMarsche, 68 S. D. 250, 1 N. W. (2d) 67.

competent is of no juridical significance." With two possible exceptions, his claims must be regarded as bare assertions. As found by the trial court, the record rebuts such assertions. His choice of counsel was appointed. The time he had to confer with counsel was ample and subject entirely to his wishes. Doubtless his counsel had a great deal to do with the dismissal of the assault charge. At the time of sentencing for the larceny charge, if not before, it can be fairly inferred from the record that petitioner was completely aware of his *exposure* to increased punishment as a habitual offender. His counsel certainly played an important part in persuading the sentencing judge to exercise his discretion and grant probation. The circumstances seem rather to require the conclusion that petitioner's counsel was not only competent but effective. In one instance petitioner infers that his counsel was derelict during the multiple-offender proceeding in failing to secure from the court compliance with that provision of the recidivist statute which requires the court to advise him of his right "to be tried as to the truth" of each previous conviction.[8] This is perhaps best answered by what we said in State ex rel. Savage v. Rigg, 250 Minn. 370, 375, 84 N. W. (2d) 640, 645:

"* * * Where a defendant appears without counsel, it is incumbent upon the court to inform him of his rights under § 610.31. But, where he is adequately represented by competent counsel, failure to strictly follow the statutory requirement does not vitiate a sentence imposed after a plea of guilty."

Since he makes no claim whatever that his counsel did not advise him of his right to be tried as to the truth of each previous conviction, it is settled that it must be presumed that he was advised by his attorney of his rights to a jury trial as to the truth of each previous conviction. State ex rel. Savage v. Rigg, *supra.* Petitioner, however, criticizes his counsel for not protesting the failure to file the information charging prior convictions. In the light of our discussion of this aspect of the case, no prejudice resulted. Since he was anxiously urging probation and was completely forewarned of the consequences of a viola-

---

[8] Minn. St. 610.31.

tion of the conditions thereof, it borders on the ridiculous to believe that any such protest by his counsel would have been in his best interests.

■ The contention that petitioner has been put in double jeopardy by this recidivist charge has been so conclusively and universally held without merit that a lengthy discussion is unwarranted. It is enough to say that such charge does not constitute double jeopardy because it does not relate to the commission of the substantive offense but goes to the punishment only. Clearly the question of whether or not the punishment on the substantive charge should be increased under the procedural provisions of our statutes may be determined in a subsequent proceeding. Such does not amount to twice placing the defendant in jeopardy for the substantive offense.[9]

The order of the trial court is affirmed.

---

[9]State ex rel. MacMillen v. Utecht, 221 Minn. 138, 21 N. W. (2d) 239; State v. Zywicki, 175 Minn. 508, 221 N. W. 900; Oyler v. Boles, 368 U. S. 448, 82 S. Ct. 501, 7 L. ed. (2d) 446; Graham v. West Virginia, *supra.*