### STATE v MAHONEY

Ohio Appeals, 2nd Dist, Madison Co

No 124. Decided Nov 3, 1936

D. H. Jackman, Prosecuting Attorney, London, for appellee.

D. M. Richmond, London, for appellant.

### OPINION

By HORNBECK, J.

The defendant was indicted by the grand jury of Madison County, April term, 1936, for having been convicted three times of felonies and therefore being an habitual criminal, under §§13744-1 to 13744-3 GC.

The indictment charged that on January 30, 1936 the defendant was convicted in Madison County of the charge of grand larceny; that on the 1st day of February, 1929 he was convicted of the crime of burglary and larceny in the County of Greene, State of Ohio; that at the March term, 1917, of the Carroll County, Indiana Circuit Court he was convicted of the crime of grand larceny; that by reason of said convictions he had been three times convicted of felonies and is an habitual criminal.

The transcript of original pleadings and journal entries discloses that upon motion of the prosecuting attorney, suggesting that the defendant, who is indicted as an habitual criminal in cause No. 3041, now case No. 124 in this court, was confined in the Ohio Penitentiary at Columbus, Ohio and moved, that the sheriff be authorized to serve a copy of the indictment upon the defendant in the Ohio Penitentiary and bring the said Mahoney before the court at the time fixed to enter a plea to said indictment. This order was granted, as disclosed by journal entry finding the essentials of the motion to be true.

The defendant upon being arraigned entered a plea of not guilty and thereafter demurred to the indictment "for the reason that the section under which it is drawn, to-wit: §13744-3 GC, is unconstitutional because the effect of this indictment is to place the defendant in jeopardy twice for the same offense." This demurrer was overruled. The defendant then waived his right to trial by jury and elected to be tried by a judge of the Common Pleas Court.

Upon trial had the court found that the defendant had been convicted of each and every one of the offenses set out in the indictment at the times and in the courts as therein set forth and after overruling a motion for new trial adjudged "that the former sentence imposed on said defendant in case No. 2098 at the January term of the Common Pleas Court of Madison County, Ohio, be vacated," and sentenced the defendant to be imprisoned in the Ohio Penitentiary for the full term of seven years "to be counted from the 4th day of February, 1936, thereby allowing the said defendant credit for the time served under the former sentence of this court." To this finding, judgment and sentence the defendant excepted and prosecutes his appeal to this court on questions of law.

Defendant states the questions presented by these proceedings as follows:

"(1) Has not this defendant, Mahoney, been placed twice in jeopardy for the same crime under the facts of this case?

"(2) Do the proven facts justify this conviction?"

It is the claim of counsel for the defendant that the statute as written is unconstitutional because it places a defendant who has served his sentence twice in jeopardy for the same crime; that the re-sentencing of the defendant in the original case, which was a third offense and which had theretofore been determined and while the defendant was still serving time under this last sentence, was double jeopardy. It is further contended that, inasmuch as the indictment does not disclose that at the time that it was returned the defendant was then a prisoner under sentence for one of the crimes named in the indictment, it is demurrable; that no criminal charge is stated in the indictment as returned against the defendant.

The Habitual Criminal Act consists of §§13744-1 to 13744-3 GC, inclusive. The first section provides that upon a third conviction of any of the offenses set forth in the section a defendant may be adjudged an habitual criminal and fixes the sentence which shall be adjudged against him. There is a proviso in the section which is not material to our question. The second sub-heading relates to the penalty which shall follow an adjudication in a fourth conviction that a defendant has previously been convicted three times of any of the offenses set out in §13744-1 GC. §13744-3 GC has application to the procedure adopted in this case and insofar as germane provides:

"If at any time either before or after sentence, it shall appear that a person convicted of one of the felonies enumerated in this act, has previously been convicted of felonies as set forth in the two preceding sections, it shall be the duty of the prosecuting attorney of the county in which such last conviction was had to cause an indictment to be returned charging the said person with such previous convictions. Whereupon the court in which such last conviction was had shall cause the said person, whether confined in prison or not, to be served with a copy of such indictment and to be brought before such court. Such court shall inform the accused of his right to be tried as to the truth thereof, and shall require the accused to say whether he is the same person as charged in such previous convictions set forth in such indictment or not. If the accused says he is not the same person, or remains silent, the court shall enter a plea of not guilty and a jury shall be impaneled to inquire whether the accused is the same person, as charged in such previous convictions set forth in said indictment. The accused may waive trial by jury and consent to be tried by the court. The usual procedure in the trial of criminal cases shall be followed in the impaneling of such jury and the trial under such indictment. If the accused pleads guilty to such indictment, or if the jury finds him guilty, or if the court finds him guilty after waiver of a jury, the court shall sentence him to the punishment prescribed in the two preceding sections, as the case may be, and shall vacate the previous sentence, if sentence has been imposed, deducting from the new sentence all time actually served by the defendant on the sentence so vacated."

It is obvious that the quoted section was enacted to meet a situation wherein the defendant had been convicted whether or not he had been sentenced.

In our judgment the first question propounded in the brief of counsel for the defendant must be answered in the negative, Blackburn v State, 50 Oh St 428, and the second question in the affirmative. This position is sound if the decision in the case of People of the State of New York v Joseph Gowasky (N. Y.), reported, and the subject of a note in 58 A.L.R. 9, is correct. This case was well considered and upon the question of law which is before us, viz., double jeopardy, the court was unanimous. It was decided by a strong court and the decision is in accord with the trend of authority.

Upon the holding that there is no imposition of double jeopardy on the application of the law to the facts in the Gowasky case, there seems to be no dissent, although authorities are cited from fourteen states and the Federal courts. We are unable to find such difference in that part of the Baumes Act or in the facts there under consideration as would affect in any way the application of the law to our case. §1943 of the Baumes Act, quoted at page 14 of the opinion, is headed: "Procedure Relating to Resentencing," and provides in part:

"If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in section nineteen hundred and forty-one or nineteen hundred and forty-two, it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions."

The remainder of the section is in the same wording as our §13744-3 GC. It will be noted that at the very inception of the section it is stated that "if at any time, either after sentence or conviction, it shall appear, etc." There is no attempt to make any distinction between the application of the law to a defendant who has been convicted, sentenced and is then serving a term for the last offense charged and one who may be convicted and sentenced but not then serving his term.

The opinion, on page 15 says:

"We find nothing unconstitutional in these amendments of 1926. Similar provisions, as has been stated, have existed for a long time in other jurisdictions, and the courts have uniformly held them to be legal."

The Gowasky opinion is well considered and we are satisfied states the law controlling our question.

The procedure set forth in §13744 GC not only stands the test of authority, but it is eminently fair to the defendant. The charge that he is an habitual offender follows and is separate and apart from the indictment charging him with the commission of the felony constituting the third or fourth offense. He is tried upon that offense as though it were the first and without any prejudice which might result to him were he required to face an indictment not only charging the third or fourth offense but also setting forth other offenses which, taken together, constitute him an habitual offender.

As a protection to society the section of the Code, §13744-3 GC, authorizes and requires the state to bring an offender who may have been tried and convicted for a third or fourth offense without discovery of that fact until after he had been convicted and sentenced, to answer to the charge that he is an habitual criminal. It is the obligation of the warden, probation, parole or other peace officer to report an offender under §13744-1 GC et seq., to the prosecuting attorney. This duty is enjoined on these officers because they will be in position to determine the facts because the offender is in their custody, though not necessarily in prison, but such custody has nothing whatever to do with the application of the statutes.

The offense which the defendant is required to meet if tried under the Habitual Criminal Act is the result of a combination of malefactions, the commission of which, it has always been recognized, merited additional and more severe punishment. When the act grants to the convicted man the benefit of the time which he has already served on his sentence, whether in or out of a penal institution, this is distinctly an advantage of which he may not complain. In this case the indictment properly set forth the operative facts which invoked the application of the section and upon the trial the charges were supported and there is no proof forthcoming tending to show anything which would absolve the defendant from conviction and sentence pursuant to statute. It does not appear that sentence for any of his convictions had been suspended, nor that he had been pardoned for any of the offenses.

Upon the authority of the Gowasky case,

supra, and cases cited in the note thereto, we are satisfied that the judgment of conviction of the defendant should be affirmed.

BARNES, PJ, and BODEY, J, concur.