48 So.2d 265

STATE v. GEORGE.

No. 39890.

June 30, 1950.

Rehearing Denied Oct. 3, 1950.

---

Harris M. English, Baton Rouge, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Fred S. LeBlanc, Dist. Atty., Sargent Pitcher, Jr., Baton Rouge, for appellee.

HAWTHORNE, Justice.

Defendant, Charlie George, was charged in a bill of information filed on December 13, 1949, with being an habitual criminal under the provisions of Act No. 45 of 1942. In this bill it is charged that:

(1) He was convicted in this state on October 28, 1949, of the crime of theft of $1460.00 and on November 10, 1949, was sentenced to serve a term of imprisonment in the parish prison of East Baton Rouge Parish for one year, with credit for time served.

(2) Also in Louisiana, on May 19, 1942, he pleaded guilty to the crime of breaking and entering in the nighttime with intent to steal and was sentenced to life imprisonment in the Louisiana state penitentiary in conformity with Act No. 15 of 1928, but this sentence was commuted to seven years by the pardon board, and defendant was discharged from the penitentiary on February 17, 1948.

(3) On March 8, 1937, he was convicted of the crime of grand larceny of an automobile valued at $670.00 in Hamilton County, Ohio, and was sentenced to a term in the Ohio state penitentiary of from two to 40 years.

(4) On January 28, 1936, he was convicted of the crime of receiving and concealing stolen property in the State of Tennessee and was sentenced to a term in the penitentiary of that state of from one to three years.

(5) On December 5, 1934, he was convicted of the crime of house-breaking and receiving stolen property in Knox County, Tennessee, and was sentenced to the penitentiary of that state for a term of one year and one day.

(6) On December 11, 1931, he was convicted of the crime of house-breaking and larceny, also in Tennessee, and was sentenced to the penitentiary of that state for a term of three years.

The information further alleges that the above enumerated crimes for which the defendant was convicted in Ohio and Tennessee would be felonies if committed in Louisiana; further, that the defendant, Charlie George, is the same person who was convicted and sentenced for each of these crimes.

The information further alleges that the district court upon proper showing should annul and rescind its sentence imposed on November 10, 1949, wherein the defendant was sentenced to imprisonment in the parish prison of East Baton Rouge Parish for a period of one year, and that the defendant should then be sentenced in conformity with the provisions of Act No. 45 of 1942.

After trial as to the truthfulness of the allegations contained in the bill of information, the defendant was sentenced on February 24, 1950, to the state penitentiary for the balance of his natural life.

The defendant through counsel timely filed a motion to quash the bill of information on the ground that, prior to the filing of the bill of information charging him with being an habitual criminal, he had served his sentence of one year in the parish prison of East Baton Rouge Parish, with credit for time served, imposed on November 10, 1949, for his conviction of the crime of theft of $1460.00, and in this connection he alleges that he completed his sentence and was released from the parish jail on November 10, 1949, whereas the present bill of information was not filed until December 13, 1949. He contends that for this reason the sentence which terminated on November 10, 1949, cannot be extended or increased under the provisions of Act No. 45 of 1942, and that to impose a sentence upon him under the habitual criminal act would place him in double jeopardy. The motion to quash was overruled, and the defendant reserved Bill of Exception No. 1.

The habitual criminal act under which the defendant was sentenced to life imprisonment is Act No. 45 of 1942, the pertinent parts reading as follows:

"Section 1. * * * any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state, would be a felony, commits any felony within this state, upon conviction of such felony, shall be punished as follows: * * *.

"(3) If the fourth or subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for such fourth subsequent felony for a determinate term not less than the longest term prescribed for a first conviction and not more than his natural life and in no case less than twenty-years.

\* \* \* \* \* \*

"Section 3. If, *at any time, either after conviction or sentence,* it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime, which, if committed

in this state would be a felony, it shall be the duty of the District Attorney of the Parish in which subsequent conviction was had, to file an information accusing said person of a previous conviction.

"Whereupon, the court in which such subsequent conviction was had, shall cause the said person, *whether confined in prison or otherwise,* to be brought before it and shall inform him of the allegation contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether such allegations are true. If he denies the allegation of such information, or refuses to answer or remains silent, his plea, or the fact of his silence, shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in such information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this statute, and shall vacate the previous sentence, if any already imposed, deducting from the new sentence the time actually served under the sentence so vacated." (All italics ours.)

Although counsel for defendant has not filed a brief in this court, due to the importance of the issues raised in this case we have carefully examined the habitual criminal statutes in this country and the jurisprudence, insofar as pertinent here, in our endeavor to solve the problem posed by this bill of exception.

The states of Virginia and New York enacted statutes providing for additional punishment for habitual offenders as early as 1796, over 150 years ago, and Massachusetts adopted such a statute in 1804. See Graham v. State of West Virginia, 224 U. S. 616, 32 S.Ct. 583, 56 L.Ed. 917. Now practically every state in the Union has such a statute. These statutes have been enacted as a deterrent and a warning to first offenders and as a protection to society by removing the habitual criminal from its midst, and are sound and wise social legislation.

In this state the procedure to be followed in charging a defendant under the habitual criminal statute is set forth in Section 3 of the act. In several of the states of this country which have habitual criminal statutes no particular procedure is set forth, among these being Missouri, Montana, New Hampshire, Oklahoma, Rhode Island, Utah, Vermont, Kansas, and Massachusetts.[1] The statutes of other states specifically provide that a charge of a prior conviction must

1. Mo.R.S.A. § 4854; Mont.R.S.1935, § 11594; N.H.R.L.1942, C. 460, p. 1839; 21 Okl.St.Ann. § 51; R.I.G.L.1938, C. 625, sec. 64; Utah Code 1943, 103-1-18; Vt.R.S.1947, sec. 8616; G.S. of Kan. 1935, and 1947 Supp. 21-107, 21-107a; Ann.L. of Mass., C. 279, sec. 25.

be contained in the indictment or information charging the offense upon which the accused is prosecuted, among these being Nebraska, Iowa, Indiana, Illinois, Maine, Wyoming, and Colorado.[2] In Wisconsin the accused must be charged as a multiple offender in the information, indictment, or complaint, and the court may inquire into the matter after the verdict and before sentence.[3] In Oregon and Pennsylvania there is a limitation of time in which the information may be filed, in Oregon within two years after the last conviction and in Pennsylvania within two years either after conviction or sentence.[4] In Virginia the accused may be charged under its statute so long as he is confined in the penitentiary.[5] In other states by express statute a convicted defendant may be sentenced thereunder at any time before the judgment and sentence are fully executed, among these being Arizona and Minnesota.[6] Other states besides those named have defined different methods of procedure, but it would serve no useful purpose to analyze them here. However, the statutes of South Dakota, Ohio, New York, Florida, and New Mexico, which have procedural provisions similar to those of our Louisiana statute,

set no time limit for initiating the procedure for sentencing habitual criminals.[7]

Under our law it is not a crime to be a second offender; the statute merely prescribes a heavier penalty for repetition of criminal conduct. The additional punishment is for the new crime only, but is increased or made heavier because of the fact that the accused is an habitual criminal. As pointed out in State v. Rodman, 208 La. 523, 23 So.2d 204, " * * * it is the *conviction*, under the laws of any other state or of the United States or any foreign government or country, of a crime which, if committed in this state, would be a felony, which makes a defendant subject to the provisions of the act * * *, provided, of course, that such individual has not received a complete and full pardon therefor previous to his conviction in this state." See also State v. Hardy, 174 La. 458, 141 So. 27; State v. Ugarte, 176 La. 54, 145 So. 266; State v. Dreaux, 205 La. 387, 17 So.2d 559.

The statute provides also that it shall not be applicable in cases where more than five years have elapsed between the expiration of the maximum sentence or sentences of

---

2. R.S. of Neb.1943, 29-2221; 2 Code of Iowa 1950, 747.1–747.7, I.C.A.; Burns' Ind.S.A.1933, 1942 Replacement §§ 9-2207, 9-2208; Smith-Hurd Ann.St.Ill. C. 38, § 602; 2 R.S. of Maine 1944, C. 136, sec. 3, p. 1933; Wyo.Comp.S.1945, §§ 9-109 to 9-111; Colo.S.A.1935, C. 48, sec. 555(1).

3. Wis.Stats.1943, secs. 359.12, 359.15.

4. 3 Ore.C.L.A. sec. 26-28a04; 18 Purdon's P.S.A. T. 18, § 5108.

5. 7 Code of Va.1950, sec. 53-296.

6. 3 Ariz.Code 1939, sec. 44-2227; 2 Minn. Stats.1949, sec. 610.31, M.S.A.

7. 1 S.Dak.Code 1939, sec. 13.0611(3); 10 Page's Ohio Code, sec. 13744-3; N. Y. Penal Law, McK.Consol.Laws, c. 40, § 1943; F.S.A. § 775.11; N.Mex.S.A. 1941, sec. 42-1604.

the previous conviction or convictions and the time of the commission of the last felony for which the accused has been convicted.

The statute makes it the duty of any warden or of any prison, probation, parole, or other peace officer, whenever it shall be known to him that any person charged with or convicted of a felony in this state has previously been convicted of a felony within the meaning of the act, forthwith to report the fact to the district attorney of the parish in which the charge lies or the conviction has been had, and it then becomes the mandatory duty of the district attorney to file an information accusing that person of such previous conviction or convictions.

The procedural provision of the statute, Section 3, is clear and free from ambiguity with reference to the time in which a bill of information may be filed charging a person who has been convicted of a felony in this state as an habitual criminal. We quote from this section: "If, *at any time, either after conviction or sentence,* it shall appear that a person convicted of a felony has previously been convicted of a felony * * *, it shall be the duty of the District Attorney of the Parish in which subsequent conviction was had, to file an information * * *. Whereupon, the court in which such subsequent conviction was had, shall cause the said person, *whether confined in prison or otherwise,* to be brought before it * * *."

It is therefore clear that, if an accused is convicted in this state of a felony, and if his prior criminal record brings him within the terms of the habitual criminal act, he may be charged as an habitual criminal " * * * at any time, * * * whether confined in prison or otherwise * * * ", even though he may have served the last sentence imposed upon him for a felony by a court of this state.

Several courts have held that the resentencing procedure is not subject to a plea of former jeopardy on the theory that additional punishment is being imposed for a crime for which the accused has already been convicted and sentenced. The punishment is for the last felony committed, but is more severe because the accused is an habitual criminal. See State v. Hardy and State v. Dreaux, supra; Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, 58 A.L.R. 9; State v. Zywicki, 175 Minn. 508, 221 N.W. 900; State ex rel. MacMillen v. Utecht, 221 Minn. 138, 21 N.W.2d 239; Cross v. State, 96 Fla. 768, 119 So. 380.

The identical question which we have before us under this bill was presented in People ex rel. Fernandez v. Kaiser, 230 App.Div. 646, 246 N.Y.S. 309, 310, a case from the State of New York, which is one of the states having procedural provisions in its statute similar to those of our statute, as heretofore pointed out. We quote the following from the opinion in that case:

"On October 5, 1927, while on trial on two charges in the County Court of Erie County, the county judge informed the district attorney that relator had been previously convicted. Thereupon, pursuant to section 1943 of the Penal Law * * * the district attorney made and presented an information charging him with two previous convictions for felonies in other states. In addition, he had been convicted in the county court of Erie county, on October 28, 1926, for burglary, third degree, for which the court, on November 5, 1926, imposed a sentence of one year in the Erie county penitentiary. He had served that sentence, less time off for good behavior. Thereupon, the court dismissed the charges under which he was being tried, revoked the sentence of November 5, 1926, and, upon his admission in open court of the previous convictions, sentenced him as a second offender for the term of fifteen years. He claims that he was twice put in jeopardy for the same offense.

"Under section 1943 of the Penal Law, if *'at any time, either after sentence or conviction,' it shall appear that a person convicted of a felony has previously been convicted of crime* * * *, it becomes the duty of the district attorney of the county, in which such conviction was had, to file an information accordingly. Whereupon, the court, in which such conviction was had, is required to cause the said person, *'whether confined in prison or otherwise,'* to be brought before it and to inform him of the

allegations contained in such information and of his right to be tried as to the truth thereof, whereupon, if the jury finds or if he acknowledges or confesses in open court that he is the same person, after being duly cautioned as to his rights, the court is required to sentence him to the punishment prescribed * * *, and to vacate the previous sentence, deducting from the new one all time actually served thereunder.

"The section does not limit the time within which the procedure prescribed thereby shall be followed. It directs that it shall be followed upon discovery of the facts therein set forth, 'at any time, either after sentence or conviction' and that the prisoner shall then be resentenced 'whether confined in prison or otherwise.'

"The section is constitutional. People v. Gowasky, 244 N.Y. 451, 459, 460, 155 N.E. 737, 58 A.L.R. 9. * * *

"A person is twice put in jeopardy only when he is a second time tried upon a criminal accusation, excluding the reversal of an erroneous judgment and the pronouncement of a legal one, pursuant to one legal conviction. Ratzky v. People, 29 N.Y. 124, 135. The decision in the cited case was approved in McKee v. People, 32 N.Y. 239, 242, and in People v. Bork, 96 N.Y. 188, 200.

"In People v. McGrath, 202 N.Y. 445, 455, 96 N.E. 92, 95, the court said: 'It is well settled that an acquittal or conviction by verdict of a jury, although not followed by judgment or sentence, is an acquittal

or conviction which protects an accused person against another trial, provided there was a competent court and a lawful indictment, or, in case of conviction, so long as the judgment remains unreversed.'

"*Relator had served the sentence which was revoked, and it is claimed that the court could not revoke that sentence and impose another in its place, because it had been completed.* But that sentence was insufficient in the light of the facts which were discovered after it was imposed, and the only question is whether or not the Legislature had the power to require the court to enlarge it so as to make it conform to the requirements of the sections under discussion.

&ast; &ast; &ast; &ast; &ast; &ast;

"I think that the provisions of the Penal Law, which we are considering, relate to matters under legislative control and that the Legislature had authority to enact same."

This decision was affirmed without opinion in People ex rel. Fernandez v. Kaiser, 256 N.Y. 581, 177 N.E. 149, and certiorari was denied by the Supreme Court of the United States in Fernandez v. Kaiser, 284 U.S. 631, 52 S.Ct. 16, 76 L.Ed. 537. See also State v. Mahoney, 23 Ohio Law Abst. 414; Id., 59 Ohio App. 58, 17 N.E.2d 277.

■ We are of the opinion, therefore, that the trial judge in the case now before us correctly overruled the motion to quash.

Bill of Exception No. 2 was reserved under the following circumstances: After the trial judge had ascertained that the allegations in the bill of information charging the defendant with being an habitual criminal were true, he proceeded immediately to sentence him under the act. Counsel for defendant objected, requesting a 24-hour delay so that he might file further pleadings, but this objection was overruled.

■ Article 521 of the Code of Criminal Procedure provides that in all criminal cases at least 24 hours shall elapse between conviction and sentence, unless the accused waives the delay and asks for the imposition of sentence at once. This provision is for the purpose of affording an opportunity to an accused who has been convicted to file, prior to sentence, further pleadings, such as a motion for a new trial, a motion in arrest of judgment, etc., and, if he is denied the right to this delay, any sentence so imposed is void.

■ In the instant case the accused was charged with the crime of theft and was actually convicted on October 28, 1949, and was sentenced under the habitual criminal act on February 24, 1950. However, 24 hours did not elapse between the time the judge ascertained the truthfulness of the allegations of the bill of information charging him with being an habitual criminal and the time the sentence to life imprisonment in the penitentiary was imposed. The State questions whether the provisions of Article 521 are applicable to a person being sentenced under a bill of information charging him with being an habitual criminal under

Act No. 45 of 1942, but, even if they are applicable, this bill of exception discloses that, at the time the trial judge overruled counsel's objection, he granted him additional time for the filing of further pleadings, and several other pleadings were filed, among these being a motion in arrest of judgment, etc., all of which were considered by the trial judge and overruled. At no time was the accused denied the right to file any further pleadings in the matter.

Even if the action of the trial judge in overruling counsel's objection was improper, the defendant was in no way prejudiced or deprived of any right granted to him by the laws of this state. It is well settled by Article 557 of the Code of Criminal Procedure that no judgment shall be set aside or a new trial granted by any appellate court of this state in any criminal case because of any error in matters of pleading or procedure unless in the opinion of the court in which application is made, after an examination of the entire record, it appears that an error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.

Bill of Exception No. 3 was taken to the overruling by the trial judge of defendant's motion in arrest of judgment. This motion raises no issue which we have not already considered, except that defendant complains therein that no verdict of "guil-ty" of the charge set forth in the bill of information, filed pursuant to the habitual criminal act, has at any time been rendered or recorded against him, and that consequently no valid sentence could be imposed thereunder.

The guilt or innocence of an accused is not an issue in a proceeding under the habitual criminal act. The provision in the act that it may be invoked only after conviction means that the guilt or innocence has theretofore been determined in a felony case by the jury before whom the accused was tried. The only issue before the trial judge in a case such as this is the truthfulness of the allegations contained in the bill of information charging a convicted accused with being an habitual criminal. The record in the instant case clearly shows that the accused was tried as to the truth of the allegations contained in the bill of information and was thereafter sentenced, all in accordance with the provisions of the act. There is therefore no merit in this bill.

Bill of Exception No. 4 was reserved upon the refusal of the trial court to allow credit to the defendant for the term of one year which he had served in the East Baton Rough Parish jail under his last conviction, the sentence under that conviction having been imposed on November 10, 1949, for the crime of theft. Prior to sentencing the defendant under the habitual criminal act to the state penitentiary for the balance of his natural life, the trial judge an-

nulled, rescinded, and set aside this previous sentence.

The statute provides that, if the judge finds that the defendant has been convicted of a prior felony or felonies, "* * * the court shall sentence him to the punishment prescribed in this statute, and shall vacate the previous sentence, if any already imposed, *deducting from the new sentence* the time actually served under the sentence so vacated * * *", and it is upon this provision that defendant relies.

 In the instant case the accused was sentenced to the penitentiary for the balance of his natural life. Even though the statute provides that the court imposing any new sentence shall deduct from such sentence the time actually served under the sentence so vacated, we know of no way in which a sentence of one year in the parish prison can be deducted from a sentence to the penitentiary for the balance of one's natural life. The question of whether the defendant is entitled to credit for the one year served in the parish jail can arise only in an application for commutation of sentence, and at that time might be considered by the pardon board and the governor.

If the defendant had been sentenced to a fixed term of years in the penitentiary, he probably would be entitled to have deducted therefrom the one year served in the parish jail, but, even in that event, the only authority this court could have would be to remand him to the district court to be sentenced anew, for he would not be entitled to a new trial.

There is one other bill of exception in the record, but our examination of it discloses that it presents nothing for our consideration.

There is also an assignment of errors filed in this court, which raises for the most part the identical issues which we have already discussed. The other matters contained therein do not disclose any error of law or any prejudice to the defendant, and are of such insignificance as to merit no discussion.

For the reasons assigned, the conviction and sentence are affirmed.