See also: 217 La. 1074, 47 So.2d 915.

**52 So.2d 299**

## STATE v. ROY.

### No. 40156.

March 19, 1951.

Rehearing Denied April 23, 1951.

Writ of Certiorari Denied May 21, 1951.
See 71 S.Ct. 852.

Franz Joseph Baddock, Baton Rouge, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Fred S. LeBlanc, Dist. Atty., Sargent Pitcher, Jr., Asst Dist. Atty., W. D. Atkins, Asst. Dist. Atty., all of Baton Rouge, for appellee.

PONDER, Justice.

The defendant was charged in a bill of information with being an habitual criminal under the provisions of Act No. 45 of 1942, LSA–RS 15:529.1. He was convicted, tried and sentenced to serve twenty years in the penitentiary. He has appealed from the conviction and sentence.

His counsel is urging two bills of exceptions on this appeal.

Bill of exception No. 1 was taken to the overruling of a motion to quash the bill of information on the ground that it was not alleged therein that defendant had the benefit of counsel or had waived same in the trials resulting in his prior convictions.

Bill of exception No. 2 is leveled at the failure of the minutes of the court to affirmatively show that the defendant had the benefit of counsel or had waived same at prior trials.

The trial and conviction of four felonies is alleged in the bill of information and it was requested upon proper showing that the sentence imposed on March 28, 1950, upon the conviction of the last felony, be set aside and that the defendant be sentenced in conformity with the provisions of Act No. 45 of 1942, the habitual criminal statute. It appears that the defendant pleaded guilty to a prior felony in the Criminal District Court for the Parish of Orleans on March 31, 1942 and was sentenced to serve not less than five or more than ten years in the penitentiary. It also appears that the defendant pleaded guilty to a felony on August 5, 1940 and was sentenced to serve six months in the Orleans Parish prison. Counsel's complaint is leveled at these two convictions because the minutes of the court do not show that the defendant had the benefit of counsel at the time he pleaded guilty to these offenses. Counsel admits that the four prior offenses set forth in the bill of information are felonies and that the defendant is the person convicted of those offenses. The record shows that the defendant had benefit of counsel on the trial of this case and on the trial of the last felony.

Counsel contends that the defendant was denied the benefit of counsel in the two

prior convictions, wherein he pleaded guilty, in violation of the Fourteenth Amendment of the Federal Constitution and Section 9 of Article 1 of the State Constitution. He takes the position that the defendant was convicted of the two offenses in trial courts that did not have jurisdiction because it was not affirmatively shown that the accused had the benefit of counsel at the time he entered his pleas of guilty and that they cannot be considered in proceedings under the habitual criminal statute.

The only issue presented in a trial under the habitual criminal statute is the truthfulness of the allegations contained in the bill of information charging an accused with being an habitual criminal. State v. George, 218 La. 18, 48 So.2d 265. The accused was fully protected in his constitutional rights because the bill of information informed him of the nature and cause of the accusation. He was given full opportunity to admit or deny that he was the same person so convicted and to show that the previous convictions were not felonies or were void for lack of jurisdiction. He was informed of the enhanced penalty to be imposed upon a multiple offender.

The case of State v. Youchunas, 187 La. 281, 174 So. 356, relied on by the defendant, was specifically overruled by the case of State v. Hilaire, 216 La. 972, 45 So.2d 360. We pointed out in the Hilaire case that it was the universal practice of courts of this State to appoint counsel to assist an accused charged with a felony when so requested. We further stated therein that when a defendant was sentenced and convicted on his own plea without suggesting to the court that he desired or needed assistance of counsel and where the minutes had failed to show that no counsel was appointed, in a non-capital case, that an accused was not deprived of his liberty without due process of law.

We have examined the authorities cited by the defendant and find that they involve entirely different factual situations. We are not here presented with a case involving an accused shown to be ignorant of or incompetent to assert his rights. The transcript shows that the defendant entered pleas of guilty to the prior offenses and waived all legal delays before sentence. There is nothing to show that the defendant ever requested counsel at the time of, or prior to, his entry of the pleas or that the trial court refused to appoint counsel for him.

For the reasons assigned, the conviction and sentence are affirmed.