GIORDANO, APPELLANT, *v.* AMRINE, SUPT., APPELLEE.

(No. 183—Decided March 1, 1952.)

*Mr. Joseph Giordano, in propria persona.*
*Mr. C. William O'Neill,* attorney general, and *Mr. Max Dennis,* for appellee.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Madison County refusing to release petitioner from custody in a habeas corpus proceeding.

The petitioner was indicted, tried, and convicted as an habitual criminal in Columbiana county. He was sentenced to the Ohio Penitentiary for a term of not less than 25 years.

The petitioner questions the constitutionality of the Habitual Criminal Act, the legality of the indictment, and the validity of the sentence. The indictment properly charged the petitioner with having been convicted of three crimes enumerated in the act. Section 13744-

1, General Code. This court held in *State* v. *Mahoney,* 59 Ohio App., 58, 17 N. E. (2d), 277, that the Habitual Criminal Act is constitutional.

The petitioner contends that under Section 2166, General Code, the sentence should not have been for a definite term and is, therefore, void. Under the provisions of Section 2166, General Code, sentences shall be "general and not fixed or limited in their duration." However, in Section 2166, General Code, it is expressly provided that should the sentence be for a definite term "it shall not thereby become void, but the person so sentenced shall be subject to the liabilities of this chapter and receive the benefits thereof, as if he had been sentenced in the manner required by this section." Furthermore, the defect in the sentence is not jurisdictional. *In re Winslow,* 91 Ohio St., 328, 110 N. E., 539. In *State, ex rel. Dye,* v. *Alvis, Warden,* 86 Ohio App., 137, 90 N. E. (2d), 416, this court recently held that "a defect in the sentence is not jurisdictional." Habeas corpus does not lie to review such sentence, the proper remedy being an appeal.

As we find no error in the record prejudicial to the rights of the petitioner, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.