MOISE, Justice.
The defendant, Alfred Clague, was charged in a bill of information filed on May 4, 1953, with being an habitual criminal — triple felonious offender — convicted and sentenced to a term of twelve years in the state penitentiary. He has appealed from the conviction and sentence.
The triple offenses charged are as follows :
1. Simple burglary — No. 141,503 of the docket of the Criminal District Court for the Parish of Orleans — on the premises No. 740 No. Rampart St., Bel-Vue Drugs.
April 30, 1953 — found guilty as charged.
2. Simple burglary committed on March 14, 1951 No. 135-887 of the docket of the Criminal District Court for the Parish of Orleans — on the premises 517 Canal St., Decca Distributing Company.
November 8, 1951 — sentenced to six years imprisonment in the state penitentiary after pleading guilty, sentence to run concurrently with a previous sentence.
*747 3. Simple burglary committed on March 14, 1951 No. 135-888 of the docket of the Criminal District Court for the Parish of Orleans on the premises '519 Canal St., Gerber’s Loan Office.
October 18, 1951—sentenced to serve six years in the state penitentiary after pleading guilty.
The defendant filed a demurrer, a motion in arrest of judgment, and a motion for a new trial, Bills of Exception Nos. 1, 2, and 3, respectively, all of which were overruled.
Each bill is predicated on the same ground, and the sole question presented to this Court is whether a defendant can be found guilty as a triple felonious offender, upon a conviction for a third felony, when his two previous convictions were punished by concurrent sentences, and the defendant was never charged or convicted as a double offender.
We do not think that it is necessary for the defendant to have been charged as a double offender in order that he might be charged as a triple offender. What is mandatory is that he has been tried and convicted of two previous offenses. State v. George, 218 La. 18, 48 So.2d 265; State v. Roy, 219 La. 97, 52 So.2d 299; Id., 341 U.S. 936, 71 S.Ct. 852, 95 L.Ed. 1364.
Nos. 135-887 and 135-888 of the docket of the Criminal District Court for the Parish of Orleans were burglary proceedings. The burglaries were committed on a double structure, 517 and 519 Canal St. However, 517 Canal St. was occupied ■by the Decca Distributing Company. 519 Canal St. was occupied by Gerber’s Loan Office. The crimes were committed on the same date, March 14, 1951, but there were different trials in different sections of the Criminal District Court. Sentences of six years were imposed for each crime. The fact that the sentences were imposed concurrently does not make the offenses one offense. There were trials and convictions of two separate offenses.
The same contention was made in the case of State v. Cass, 188 La. 606, 177 So. 682, 683. This Court stated:
“The sentence herein does not impose any additional punishment for prior offenses. It is the third offense that is punished.” . y
The prosecution was under Act 15 of 1928 which was repealed by Act 45 of 1942. The 1942 statute does not contain the provision that:
“A person, to be punishable under this and the preceding section, need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following ' section.”
However, we believe that Act 45 of 1942,. LSA-R.S. 15:529.1, is self-explanatory, and the incorporation of the above section was not necessary. It provides:
“If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this statute, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.”
The punishment is for the third crime, and it is heavier 'because the accused has become an habitual offender. The defendant becomes a third offender at the time he commits the third crime, and the punishment is incurred at that time. State v. Dreaux, 205 La. 387, 17 So.2d 559; State v. George, 218 La. 18, 48 So.2d 265; 12 La.L.R. 179.
For the reasons assigned, the conviction and sentence are affirmed.