# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 19-867

**STATE OF LOUISIANA**

**VERSUS**

**VERNON HOLDEN**

**A/K/A VERNON DEMTRIUS HOLDEN, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 341,913
HONORABLE LOWELL C. HAZEL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**CONVICTIONS AFFIRMED;**
**REMANDED FOR RESENTENCING.**

**Phillip Terrell, Jr.**
**District Attorney**
**Ninth Judicial District**
**Kelvin G. Sanders**
**Assistant District Attorney**
**P. O. Box 7358**
**Alexandria, La 71306-7358**
**(318) 473-6650**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       **State of Louisiana**

**Holli Herrle-Castillo**
**Louisiana Appellate Project**
**P.O. Box 2333**
**Marrero, LA 70073**
**(504) 345-2801**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Vernon Holden**

**SAUNDERS, Judge.**

In February 2019, the State filed a bill of information charging Defendant Vernon Holden a/k/a Vernon Demtrius Holden, Jr. with one count of armed robbery with a firearm, a violation of La.R.S. 14:64 and 14:64.3; two counts of disarming a police officer, violations of La.R.S. 14:34.6; two counts of possession of a firearm by a convicted felon, violations of La.R.S. 14:95.1; and one count of resisting an officer with force or violence, La.R.S. 14:108.2. On September 10-11, 2019, the parties selected a jury; on the latter date, said jury began hearing evidence. On September 12, the jury found Defendant guilty of the lesser-included offense of attempted first degree robbery on count one; guilty as charged on counts two through five; and guilty of the lesser-include offense of resisting an officer on count six.

On September 26, 2019, Defendant presented a motion for acquittal or in the alternative a new trial. The district court heard argument and denied the motion in open court. The court then sentenced Defendant to twenty years at hard labor for attempted first degree robbery, five years on each of the convictions for disarming a police officer, fifteen years on each of the convictions for possession of a firearm by a convicted felon, and six months in parish prison for resisting an officer.

Defendant now seeks review by this court. He assigns three errors in a brief and a supplemental brief.

**FACTS:**

On January 16, 2019, an Alexandria police officer saw Defendant Vernon Holden riding his bicycle in the wrong direction on a road. The officer, Lory Malone, did not suspect criminal activity, but wanted to talk to Holden to advise him to be more careful. However, when Malone called out to Holden, the latter rode away. At trial, Malone testified that Defendant cursed at him, as well. The officer thought Defendant's behavior was suspicious, so he gave chase. After about three blocks,

Defendant dropped the bike and jumped a fence, falling as he did so. The officer also jumped the fence and also fell; as he recovered, he found Defendant was in a fighting stance. The officer attempted to deploy his taser, but Defendant knocked it away. Malone then deliberately fell on it facedown, so that Defendant would not get control of it. Defendant got on top of the officer, and the pair engaged in a protracted struggle. The taser activated, and while Malone was stunned, Defendant gained control of it. Malone testified that Defendant produced a black pistol and ordered him to surrender his service weapon. Defendant attempted to wrest it from the officer's holster but could not defeat its safety features.

Defendant then pushed the black pistol into Malone's neck and threatened him with death if he did not surrender his service weapon. The officer surrendered his weapon, but advised Defendant to leave the area, as other officers were approaching. Defendant fled. Responding officers found the offender under a nearby shed and arrested him. Malone's service weapon and the black pistol were found near Defendant, as well as a "fanny pack" that contained bullets of the same caliber as the black pistol.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent. It is discussed below as a Supplemental Assignment of Error.

**ASSIGNMENT OF ERROR NUMBER ONE:**

In his first assignment of error, Defendant argues the district court improperly limited his closing argument. As noted earlier, Officer Malone testified that during the struggle Defendant produced a black pistol. Also, responding police officers found a black pistol and corresponding ammunition near the scene of the arrest. In a

2

statement to police, Defendant claimed that after he secured Malone's weapon, he saw the black pistol lying between the officer's legs and picked it up.

During his closing argument, Defendant strongly implied that Malone "was actually a dirty officer." Counsel stated he did not believe Defendant pulled a gun and demanded Malone's gun. Counsel conjectured that if Defendant had not wrestled for control of the taser, he would have been shot and the black pistol planted on him. The State objected, arguing there was no evidence of any such conduct. The district court sustained the objection, and defense counsel objected to the ruling.

Defendant cites the controlling statute, La.Code Crim.P. art. 774, which states, in pertinent part:

> The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.

> The argument shall not appeal to prejudice.

Defendant also cites a second circuit case:

> Although a trial judge must respect the important role that closing argument plays in a criminal trial, he has great latitude in controlling the duration and scope of closing argument. *State v. Washington*, 614 So.2d 711 (La.1993); *State v. Owens*, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, *writ denied*, 98-2723 (La.2/5/99), 737 So.2d 747. However, defense counsel should be allowed wide latitude in closing argument and undue restrictions which limit closing argument to the prejudice of the defendant is error. In instances where the prejudice is substantial, reversal is warranted. *State v. Boykin*, 29,141 (La.App.2d Cir.1/31/97), 688 So.2d 1250, *citing*, *State v. Burrell*, 561 So.2d 692, 704 (La.1990), *U.S. cert. denied*.

*State v. Easter*, 32,940, p. 6 (La.App. 2 Cir. 4/7/00), 756 So.2d 703, 707, *writ denied*, 00-1321 (La. 2/9/01), and *writ denied*, 00-2529 (La. 6/29/01), 794 So.2d 823.

We find that Defendant did not suffer any prejudice from the limitation: the argument appears to have been posed as a hypothetical situation that was not supported by the record. At that point in the closing, counsel had speculated regarding what would have happened *if* Defendant had not wrestled with Malone,

3

but it is undisputed that he did. Clearly, counsel was raising a situation that had not taken place. Thus, the argument was not supported by the record, and exclusion of the argument did not prejudice his case. It could be said that counsel's argument inferred, under the existing facts, that the black pistol had been planted; however, this is an inference based upon a hypothetical argument, and this court need not address such an attenuated contention. As already stated, the argument that appears in the record is based upon a hypothetical situation. Further, the jury was aware that Defendant claimed to have noticed the gun between the officer's legs as their struggle concluded and could weigh that contention against Officer Malone's testimony. Therefore, Defendant was not improperly prejudiced by the court's ruling, and the assignment of error lacks merit.

**SUPPLEMENTAL ASSIGNMENT OF ERROR:**

In his second assignment of error of Defendant's original brief, he alleges ineffective assistance counsel, based upon the failure to challenge the sentences as excessive. However, we will first analyze this supplemental assignment of error because if it requires remand of the case, the merits of the sentences need not be addressed.

Citing La.Code Crim.P. art. 873, Defendant argues the district court erred by sentencing him on the same day it ruled on his combined motion for acquittal and for new trial.

Louisiana Code of Criminal Procedure Article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

Defendant was convicted by a jury on September 12, 2019, and sentencing was scheduled for September 26, 2019. On September 20, 2019, Defendant filed a Motion for Post Verdict Judgment of Acquittal or in the Alternative a Motion for New Trial, which was set for hearing on September 26, 2019. Prior to Defendant's sentences being imposed at the sentencing proceeding, the court considered and then denied the motion. Without obtaining an express waiver of the twenty-four-hour sentencing delay mandated by La.Code Crim.P. art. 873, the trial court proceeded with the sentencing. After the supreme court's ruling in *State v. Kisack*, 16-797 (La. 10/18/17), 236 So.3d 1201, *cert. denied*, __ U.S. __, 138 S.Ct. 1175 (2018), courts are not to consider whether there may be an implicit waiver of the delay required by La.Code Crim.P. art. 873:

> In addition, the Fourth Circuit found that the district court did not observe the sentencing delay required by La.C.Cr.P. art. 873 before sentencing defendant to the maximum term of life imprisonment as a fourth-felony offender for possession of a contraband cell phone while in a penal institution. *See* La.R.S. 14:402(E)(7); La.R.S. 15:529.1(A)(4)(a). Sentencing occurred almost immediately after the denial of defendant's motion for new trial. Article 873 provides (emphasis added):
>
> > If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. *If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.*
>
> The court of appeal, however, found that "defense counsel's argument at the sentencing hearing constituted an implicit waiver of the delay." [*State v.*] *Kisack*, 15–0083, p. 3 [(La.App. 4 Cir. 3/30/16)], 190 So.3d [806] at 809.
>
> While some circuits courts, predominantly the Fourth Circuit, have found that the statutory delay may be "implicitly waived" when a defendant announces he is ready for sentencing, *see, e.g., State v. Foster*, 02-0910, p. 2 (La. App. 4 Cir. 12/11/02), 834 So.2d 1188 ("A defendant may implicitly waive the twenty-four hour delay by announcing his readiness for sentencing."), the waivers under the circumstances presented in those decisions are typically not so much

5

implicit as expressly made (by announcing that defendant is ready to be sentenced) without being as fully articulated as they should perhaps have been. *See, e.g., State v. Celestain*, 13-1262, pp. 11-13 (La. App. 4 Cir. 7/30/14), 146 So.3d 874, 881-82 (finding no error "because Ms. Banks implicitly waived the twenty-four hour delay in her acknowledgment that she was ready for sentencing."). Here, however, it appears that defense counsel simply participated in the sentencing hearing, which would truly be an implicit waiver if such a waiver were authorized by the Criminal Code. An implicit waiver, however, runs afoul of the plain language of Art. 873 that requires that the waiver be expressly made.

Nonetheless, an error in failing to observe the statutory sentencing delay may still be found harmless. Under the circumstances presented here, in which a defendant who faced a sentencing range of 20 years to life and received the maximum sentence authorized for a fourth-felony offender for possession of a contraband cell phone, it is difficult to conclude the error is harmless.[4]

Accordingly, we reverse the court of appeal in part to vacate the habitual offender adjudication that immediately followed the failure to observe the statutory sentencing delay and remand this matter to the district court for further proceedings consistent with the views expressed here.

_____
[4]We need not consider defendant's claim that the sentence is excessive given that we vacate the habitual offender adjudication and remand for further proceedings.

*Id.* at 1205-06.

When an article 873 violation does occur, the *Kisack* court made it clear that the error may still be found harmless. Prior to the supreme court's ruling in *Kisack*, errors in failing to observe La.Code Crim.P. art. 873's mandatory sentencing delay were found harmless where a mandatory life sentence was imposed or when the defendant did not challenge his sentence on appeal and did not claim prejudice due to the lack of the delay. *State v. Ware,* 07-968 (La.App. 3 Cir. 3/5/08), 980 So.2d 730, *writ denied*, 08-847 (La. 10/31/08), 994 So.2d 534; *State v. McCoy*, 16-948 (La.App. 3 Cir. 5/10/17), 219 So.3d 538, *writ denied*, 17-1151 (La. 5/25/18), 242 So.3d 1232.

In *State v. Francis*, 19-227, p. 1 (La. 4/29/19), 268 So.3d 289, 289-90, the supreme court stated:

Writ granted in part. Defendant was found guilty of manslaughter in response to the charge of second degree murder. The district court sentenced him to 25 years imprisonment at hard labor without observing the 24-hour sentencing delay required by La.C.Cr.P. art. 873. The district court erred. Defendant did not waive the delay, and the error in failing to observe the delay is not harmless because defendant challenged his sentence. *See State v. Augustine*, 555 So.2d 1331 (La. 1990). Accordingly, we grant the application in part, vacate the sentence, and remand to the district court for resentencing. Defendant's application is otherwise denied.

Shortly thereafter, in *State v. Charles*, 18-222, pp. 4-8 (La.App. 3 Cir. 5/1/19),

270 So.3d 859, 863-66, this court addressed an article 873 violation on its review of

the record for errors patent:

We find there are three errors patent, two of which indicate an illegally lenient sentence for failure of the trial court to impose the sentence be served at hard labor, and failure to impose a mandatory fine of not less than one thousand dollars. We pretermit discussion of these errors because we find that another error patent on the record requires that Defendant's sentence be vacated and the case remanded for further proceedings consistent with this opinion.

Louisiana Code of Criminal Procedure Article 873 (emphasis added) clearly mandates:

If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence *shall not* be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

*The state supreme court has ruled that this delay may not be implicitly waived but must be explicitly waived on the record. State v. Kisack*, 16-797 (La. 10/18/17), 236 So.3d 1201, *cert. denied*, ___ U.S. ___, 138 S.Ct. 1175, 200 L.Ed.2d 322 (2018).

The trial transcript and court minutes do not reflect any express waiver of Defendant's right to delay sentencing. Defense counsel did not object to the trial court proceeding with sentencing immediately after denying the motion for new trial and participated in the sentencing hearing by calling a witness, Defendant's father, on Defendant's behalf. But our courts have held that such failure to object and participation do not comply with the statutory requirement of an express waiver. *See State v. Kelly*, 375 So.2d 1344 (La.1979).[2] In *State v. Williams*, 96-37 (La.App. 3 Cir. 6/26/96), 677 So.2d 692, this court, relying on *State v. Augustine*, 555 So.2d 1331 (La.1990), recognized the failure to

7

follow the mandatory delays for sentencing provided in La.Code Crim. P. art. 873 as an *error patent*. We held there that when a defendant challenges the sentence imposed "*Augustine* mandates a remand." *Id.* at 699. In *State v. Kisack*, 16-797 (La. 10/18/17), 236 So.3d 1201, *cert. denied*, ___ U.S. ___, 138 S.Ct. 1175, 200 L.Ed.2d 322 (2018), the state supreme court reversed the appellate court's finding an implicit waiver and expressly held that "[a]n implicit waiver . . . runs afoul of the plain language of [La.C.Cr.P. a]rt. 873 that requires that the waiver be expressly made." *Id.* at 1205.

_____

[2][T]he record does not reflect that before sentence was imposed defendant had 'expressly' waived the twenty-four hour delay after his motions for a new trial and in arrest of judgment had been overruled. Hence, the sentence must be vacated and the case remanded to the trial court with instructions to the trial judge to sentence defendant in accordance with law.

In *Augustine*, 555 So.2d at 1333–34 (La.1990) (emphasis added) (alteration in original) (footnote omitted) the supreme court held that the delay provisions of La.Code Crim.P. art. 873 are *mandatory and any sentence imposed in violation of these delay periods is null*:

> The last issue before us concerns the mandatory delays specified in La.C.Cr.P. art. 873 which must be observed before sentence can be imposed. Art. 873 first provides for a three-day delay between conviction of the defendant and sentencing. (The original provision provided for a 24-hour delay. That was amended to three days in the 1966 Code of Criminal Procedure. 1966 La. Acts No. 310, § 1). The second requires a 24-hour delay between the denial of a new trial or judgment for acquittal and sentencing. These statutorily mandated delays have been respected in a long line of opinions. *State v. Mistich*, 186 La. 174, 171 So. 841 (1937) called a sentence "premature and therefore void,"
> because the sentence was imposed within the then 24-hour delay required between conviction and sentence. In *State v. George*, 218 La. 18, 48 So.2d 265 (1950), cert. denied, 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1951), the Court also addressed that same 24-hour delay, and found that "if [defendant] is denied the right to this delay, any sentence so imposed is void."

> More recent decisions of this Court include a per curiam opinion in *State v. Hampton*, 274 So.2d 383 (La.1973), and a pair of decisions authored by Justice Marcus, *State v. Young*, 337 So.2d 1196 (La.1976) and *State v. Hutto*, 349 So.2d 318 (La.1977). These cases all involved a violation of the delay between denial of a new trial motion and sentencing. In *Hutto* and *Young*, the Court found that the sentence was "illegally imposed" when, just as in this case under review, both of those defendants were sentenced within 24 hours after denial of

new trial motions, with neither having waived the delay. These are only a few of such decisions by this Court holding that violation of art. 873 requires remand for resentencing.

> "Article 873 uses mandatory language in requiring that twenty-four hours elapse between the overruling of a motion for new trial and sentencing when the defendant is convicted of a felony . . . . The legislature in effect has said that a failure to comply with article 873 in the absence of an express waiver by the defendant affects substantial rights."

*State v. White*, 483 So.2d 1005 (La.1986), Dennis, J., dissenting in part.

> Only the majority opinion in *State v. White*, 404 So.2d 1202 (La.1981) can possibly be considered at variance with this rule. But even that case is largely distinguishable from this one. We held in *White* (over the protest of two dissenting justices) that the statutory mandate of the 24-hour delay was not so imperative as to require a resentencing where the defendant could not show that he suffered prejudice from the violation. *State v. White*, however, was before us on an errors patent review (no assignments of error urged by the defendant on this issue), and the defendant was not challenging the penalty imposed.

> In the case before us, Augustine did not expressly waive the delay as required by art. 873 (nor did he plead guilty); and he *does* challenge the penalty on this appeal.

> Furthermore, there is no assurance that this is a "useless formality for reimposition of sentence," as was the majority's conclusion in *White*. For all we know, a reimposition might result in a sentence less than 40 years for this man, who was 18 years old at the time of the offense, who robbed his victim with a racing starter's pistol, and who did not have any prior convictions at the time of the offense.

> The fact that defendant Augustine has already served 18 of his 40 years before the appeal was reviewed is no reason to deny him the treatment afforded the defendants Hutto, Young, Hampton, Scott, George, Mistich and others (citations to these cases above), who were ordered resentenced *shortly* after conviction.

> ***The suggestion that the defendant was not harmed because his sentence was in fact not unconstitutionally excessive is not meritorious.*** Constitutional excessiveness

of sentence and illegal imposition of sentence are quite separate and distinct matters. *A sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration.* Furthermore, the district court (upon resentencing) is not bound by the sentence previously imposed, whereas this Court is bound by a legally imposed sentence which is not unconstitutionally excessive.

Defendant expressly challenges his sentence in this appeal. In *Williams* we said:

> The first error patent involves whether there was proper delay in sentencing defendant. Defendant also claims as an assignment of error that the trial court failed to observe the twenty-four hour sentencing delay provided in La.Code Crim.P. art. 873. Defendant argues this assignment of error in his brief, but it was not formally specified as an error in the trial court in accordance with Uniform Rules-Courts of Appeal, Rule 1-3 and La.Code Crim.P. art. 920(1). **However, we will address this error as it is an error patent.**

In *State v. Dauzat*, 590 So.2d 768, 775 (La.App. 3 Cir.1991), *writ denied*, 598 So.2d 355 (La.1992), this court stated:

> La.C.Cr.P. art. 873 requires that there be a 24 hour delay between the denial for a motion for a new trial and the imposition of sentence. *Generally, this error, while patent*, is not reversible unless the defendant is prejudiced by the lack of a sentencing delay. *State v. Gaspard*, 441 So.2d 812, 813 (La.App. 3d Cir.1983), citing *State v. White*, 404 So.2d 1202 (La.1981).

> However, *the Louisiana Supreme Court's most recent pronouncement on this issue has required a strict application of Article 873, particularly where the defendant challenges the penalty imposed*. *State v. Augustine*, 555 So.2d 1331 (La.1990). Because defendant's counsel did not argue the motion for new trial, it is difficult to find any prejudice to the defendant in the trial court's failure to observe the sentencing delay in Article 873. *However, as defendant is challenging the penalty imposed, we find Augustine mandates a remand.*

In the present case, defendant filed a motion for new trial which was denied by the trial court after a hearing on September 15, 1995. Immediately after denying defendant's motion, the trial court proceeded with the sentencing and sentenced defendant to twenty

10

years at hard labor. ***Since defendant challenges the sentence on appeal, this error is not harmless.*** In *State v. Augustine*, 555 So.2d 1331, 1334 (La.1990), the court held that *"[a] sentence illegally imposed, even one not constitutionally excessive, is null, and constitutes no valid premise for continued incarceration.* Furthermore, the district court (upon resentencing) is not bound by the sentence previously imposed, whereas this Court is bound by a legally imposed sentence which is not unconstitutionally excessive." Thus, we find the trial court erred by not observing the delay. The sentence should be vacated and the case remanded to the trial court for resentencing.

*Williams*, 677 So.2d at 699 (emphasis added) (alteration in original).

Recently addressing the failure to abide by the mandatory sentencing delay of article 873 as an assigned error, this court followed its ruling in *Charles*, 270 So.3d 859, and held that resentencing was required where the defendant did not expressly waive the sentencing delay after the trial court denied his motion for post-verdict judgment of acquittal/motion for new trial and challenged his sentence on appeal. *State v. Cochran*, 19-226 (La.App. 3 Cir. 12/18/19), 286 So.3d 1191.

As already noted, Defendant has explicitly raised this error; in addition, he challenges his sentence as excessive in the second assignment of error in his original brief, albeit through the vehicle of ineffective assistance of counsel for failure to file a motion to reconsider sentence. Accordingly, in the present case, Defendant's sentences are vacated, and the case is remanded for resentencing.

**DECREE:**

Defendant's convictions are affirmed, but his sentences are vacated, and the case is remanded for resentencing.

**CONVICTIONS AFFIRMED; REMANDED FOR RESENTENCING.**

11